Korsmo, J.
¶57 (dissenting in part) — While I agree with much of the outcome of the majority’s opinion, I part company with the discussion concerning the continued validity of State v. Hickman, 135 Wn.2d 97, 954 P.2d 900 (1998), in light of Musacchio v. United States, 577 U.S. _, 136 S. Ct. 709, 193 L. Ed. 2d 639 (2016). The question is not whether this court is overruling Hickman, something we have no power to do. Rather, the question is whether we follow Musacchio, something we are required to do. The majority sets up a false argument instead of addressing the actual question. Rather than asking whether the law of the case doctrine still has play in a sufficiency of the evidence review, the true question to be asked is: what does due process require? Division One correctly answered this question in State v. Tyler, 195 Wn. App. 385, 382 P.3d 699 *937 (2016).[1] I agree with that analysis and would affirm on this issue.
¶58 The basic principles at play in this case are quite clear. The United States Supreme Court is the final arbiter of the meaning of the Constitution of the United States. Arizona v. Evans, 514 U.S. 1, 8-9, 115 S. Ct. 1185, 131 L. Ed. 2d 34 (1995). The inferior federal courts, as well as state courts, may issue their own interpretations of that document in the absence of controlling precedent. Id. However, “a State may not impose such greater restrictions as a matter of federal constitutional law when this Court specifically refrains from imposing them.” Oregon v. Hass, 420 U.S. 714, 719, 95 S. Ct. 1215, 43 L. Ed. 2d 570 (1975).
¶59 Whether or not sufficient evidence has been produced to support a criminal conviction presents a question of law under the due process clause of the Fourteenth Amendment to the Constitution of the United States. Jackson v. Virginia, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Specifically, Jackson stated the test for evidentiary sufficiency under the federal constitution to be “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. at 319. Washington altered its test for evidentiary sufficiency to comply with Jackson in State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (plurality); id. at 235 (concurrence of Utter, C.J.).[2] Washington continues to analyze this issue under the Green and Jackson standard. E.g., State v. Farnsworth, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016).
*938 ¶60 Against this uncontested backdrop of federal constitutional law comes Washington’s law of the case doctrine. The majority nicely traces some of the history of that doctrine back to the earliest days of Washington statehood, culminating in the case at issue, Hickman. I do not disagree with the basic analysis of that case. Hickman applied the law of the case doctrine and dismissed a conviction due to lack of evidence to prove an extraneous venue element imported into the decision by an overly inclusive jury instruction. 135 Wn.2d at 99.
¶61 The United States Supreme Court subsequently faced the same scenario in Musacchio. There, as in Hickman, an extraneous element was added for the jury’s consideration due to an instruction. 193 L. Ed. 2d at 646. Defendant agreed that the evidence did support a jury finding on the charged offense. Id. at 647. Unlike Hickman, the United States Supreme Court concluded that the sur-plusage did not matter. The due process requirements in this context apply to require only proof of the elements of the charged offense and did not extend to the additional element:
We hold that, when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction.
Id. This result was dictated by the nature of due process review for evidentiary sufficiency. The purpose of that review is to reach those cases where the evidence was so lacking that it should never have been submitted to the jury. Id. To that end, “a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a ‘meaningful opportunity to defend’ against the charge against him and a jury finding of guilt ‘beyond a reasonable doubt.’ ” Id. at 647-48 (quoting Jackson, 443 U.S. at 314-15). Accordingly, the “failure to introduce evidence of an additional element does *939 not implicate the principles that sufficiency review protects.” Id. at 648.
¶62 Musacchio, thus, read the law of the case doctrine out of due process evidentiary review. The law of the case is a common law doctrine rather than a constitutional doctrine. That distinction is absolutely critical. It explains both why Hickman no longer applies to this situation and why we cannot review the Hickman claim for the first time on appeal. Hickman no longer applies because its (largely unarticulated) constitutional underpinning has been supplanted by Musacchio. As Hass demonstrates, Washington now has no ability to articulate a different federal due process standard than that set forth by the United States Supreme Court. Because Hickman no longer has any constitutional basis, there is no ability to consider a Hickman-type argument for the first time on appeal in the absence of a timely objection. RAP 2.5(a). Understandably, counsel for Dennis Jussila had no reason to object to the extra identification elements in the weapons charges.
¶63 As the majority notes, Washington’s due process protection found in art. I, § 3 could perhaps provide greater protection in this context. However, for several reasons, it does not. First, Mr. Jussila does not argue that the state constitution provides greater protection in this context. No attempt has been made to comply with the state constitutional analysis required in State v. Gunwall, 106 Wn.2d 54, 61-63, 720 P.2d 808 (1986). In the absence of a Gunwall analysis, Washington courts cannot interpret the state constitution due to insufficient argument. E.g., Sofie v. Fibreboard Corp., 112 Wn.2d 636, 663, 771 P.2d 711, 780 P.2d 260 (1989); State v. Wethered, 110 Wn.2d 466, 472, 755 P.2d 797 (1988). Second, as the history in Green shows, Washington has always applied federal due process standards to evidentiary sufficiency. Moreover, Division One of this court once undertook a Gunwall analysis of the state due process clause and concluded there was no basis for giving that provision a broader reading. See State v. Turner, *940 145 Wn. App. 899, 906-09, 187 P.3d 835 (2008). Third, once Hickman is stripped of its due process ties, there is no basis for relief. Tyler nicely shows that Washington’s common law treatment of evidentiary sufficiency challenges resulted only in a new trial, not dismissal of charges, in those instances where the evidence was insufficient. 195 Wn. App. at 403-04. This history strongly suggests there is no basis for applying broader state protections in this context. Even if Mr. Jussila had argued the point, he could not have prevailed.
¶64 The unarticulated premise of the majority opinion appears to be that since state law defines crimes and Washington uses the law of the case doctrine to define offenses (by occasionally adding additional elements injury instructions), this situation presents a question of federal constitutional law. It does not. That approach expressly runs afoul of both Hass and Musacchio. The question here is what this court has the power to review, not whether the same offense is defined differently in different cases. Due process permits review only of the charged offense and does not include review of the extraneous elements given to the jury.
¶65 Mr. Jussila did not challenge the jury instruction at trial and thus cannot do so here because due process sufficiency review does not extend to the additional elements. The only argument he can make is the due process claim permitted by Musacchio, but he does not make that claim. The only argument he does make is a Hickman claim, but that argument is not preserved for our review since it does not implicate a constitutional right. RAP 2.5(a)(3). Since the majority ignores our obligation under the supremacy clause, U.S. Const. art. VI, cl. 2, to follow Musacchio instead of the superseded analysis of Hickman, I respectfully dissent from that portion of the majority’s analysis.
Petition for Supreme Court review filed March 30, 2017.

 The Washington Supreme Court recently accepted review of this issue in an earlier Division One case, State v. Johnson, 186 Wn.2d 1025 (2016). Since Johnson is unpublished and presents a less developed discussion of the issue than does Tyler, I will refer to Tyler rather than Johnson in my discussion.

 The history of the two decisions in Green and the change in evidentiary review standards between those opinions is discussed in Tyler and need not be repeated here. See 195 Wn. App. at 393-94.