(Slip Opinion) OCTOBER TERM, 2015 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MUSACCHIO *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 14–1095.  Argued November 30, 2015—Decided January 25, 2016

Petitioner Musacchio resigned as president of Exel Transportation Services (ETS) in 2004, but with help from the former head of ETS's information-technology department, he accessed ETS's computer system without ETS's authorization through early 2006.  In November 2010, Musacchio was indicted under 18 U. S. C. §1030(a)(2)(C), which makes it a crime if a person "intentionally accesses a computer without authorization *or* exceeds authorized access" and thereby "obtains . . . information from any protected computer."  (Emphasis added.) He was charged in count 1 with conspiring to commit both types of improper access and in count 23 with making unauthorized access "[o]n or about" November 24, 2005.  In a 2012 superseding indictment, count 1 dropped the charge of conspiracy to exceed authorized access, and count 2 changed count 23's date to "[o]n or about" November 23–25, 2005.  Musacchio never argued in the trial court that his prosecution violated the 5-year statute of limitations applicable to count 2.  See §3282(a).  At trial, the Government did not object when the District Court instructed the jury that §1030(a)(2)(C) "makes it a crime . . . to intentionally access a computer without authorization *and* exceed authorized access" (emphasis added), even though the conjunction "and" added an additional element.  The jury found Musacchio guilty on counts 1 and 2.  On appeal, he challenged the sufficiency of the evidence supporting his conspiracy conviction and argued, for the first time, that his prosecution on count 2 was barred by §3282(a)'s statute of limitations.  In affirming his conviction, the Fifth Circuit assessed Musacchio's sufficiency challenge against the charged elements of the conspiracy count rather than against the heightened jury instruction, and it concluded that he had waived his statute-of-limitations defense by failing to raise it at trial.

*Held*:

 1. A sufficiency challenge should be assessed against the elements of the charged crime, not against the elements set forth in an erroneous jury instruction. Sufficiency review essentially addresses whether the Government's case was strong enough to reach the jury. A reviewing court conducts a limited inquiry tailored to ensuring that a defendant receives the minimum required by due process: a "meaningful opportunity to defend" against the charge against him and a jury finding of guilt "beyond a reasonable doubt." *Jackson* v. *Virginia*, 443 U. S. 307, 314–315. It does this by considering only the "legal" question "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, at 319. A reviewing court's determination thus does not rest on how the jury was instructed. The Government's failure to introduce evidence of an additional element does not implicate these principles, and its failure to object to a heightened jury instruction does not affect sufficiency review. Because Musacchio does not dispute that he was properly charged with conspiracy to obtain unauthorized access or that the evidence was sufficient to convict him of the charged crime, the Fifth Circuit correctly rejected his sufficiency challenge. Pp. 5–8.

 2. A defendant cannot successfully raise §3282(a)'s statute-of-limitations bar for the first time on appeal. Pp. 8–11.

 (a) A time bar is jurisdictional only if Congress has "clearly state[d]" that it is. *Sebelius* v. *Auburn Regional Medical Center*, 568 U. S. ___, ___. Here, the "text, context, and relevant historical treatment" of §3282(a), *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 166, establish that it imposes a nonjurisdictional defense that becomes part of a case only if a defendant raises it in the district court. The provision does not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms. It thus stands in marked contrast to §3231, which speaks squarely to federal courts' general criminal subject-matter "jurisdiction" and does not "conditio[n] its jurisdictional grant on" compliance with §3282(a)'s statute of limitations. *Id.,* at 165. The history of §3282(a)'s limitations bar further confirms that the provision does not impose a jurisdictional limit. See *United States* v. *Cook*, 17 Wall. 168, 181; *Smith* v. *United States*, 568 U. S. ___, ___. Pp. 8–10.

 (b) Because §3282(a) does not impose a jurisdictional limit, the failure to raise the defense at or before trial is reviewable on appeal—if at all—only for plain error. A district court's failure to enforce an unraised limitations defense under §3282(a) cannot be a plain error, however, because if a defendant fails to press the defense, it does not

become part of the case and, thus, there is no error for an appellate court to correct. Pp. 10–11.

590 Fed. Appx. 359, affirmed.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports.  Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———

No. 14–1095

———

## MICHAEL MUSACCHIO, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[January 25, 2016]

JUSTICE THOMAS delivered the opinion of the Court.

In this case, the Government failed to object to a jury instruction that erroneously added an element that it had to prove, and petitioner failed to press a statute-of-limitations defense until his appeal.  We address two questions arising from the parties' failures to raise timely challenges.  We first consider how a court should assess a challenge to the sufficiency of the evidence in a criminal case when a jury instruction adds an element to the charged crime and the Government fails to object.  We conclude that the sufficiency of the evidence should be assessed against the elements of the charged crime.  We next consider whether the statute-of-limitations defense contained in 18 U. S. C. §3282(a) (the general federal criminal statute of limitations) may be successfully raised for the first time on appeal.  We conclude that it may not be.

I

Petitioner Michael Musacchio served as president of a logistics company, Exel Transportation Services (ETS), until his resignation in 2004.  In 2005, he formed a rival company, Total Transportation Services (TTS).  Musacchio

was soon joined there by Roy Brown, who previously
headed ETS's information-technology department. At TTS,
Brown, using a password, continued to access ETS's com-
puter system without ETS's authorization. Brown also
gave Musacchio access to ETS's system. This improper
access of ETS's system kept on until early 2006.

In November 2010, a grand jury indicted Musacchio
under 18 U. S. C. §1030(a)(2)(C). Under that provision, a
person commits a crime when he "intentionally accesses a
computer without authorization *or* exceeds authorized
access," and in doing so "obtains . . . information from any
protected computer." (Emphasis added.) The statute thus
provides two ways of committing the crime of improperly
accessing a protected computer: (1) obtaining access with-
out authorization; and (2) obtaining access with authoriza-
tion but then using that access improperly. See *ibid.*;
§1030(e)(6) (defining "exceeds authorized access"). Count
1 of the indictment charged Musacchio with conspiring to
commit both types of improper access. Count 23 charged
him with making unauthorized access to ETS's e-mail
server "[o]n or about" November 24, 2005. App. 70–71.[1]

In 2012, the Government filed a superseding indictment
amending those charges. Count 1 dropped the charge of
conspiracy to exceed authorized access, limiting that
charge to conspiracy to make unauthorized access. Count
2 amended the allegations originally contained in count 23
by alleging that Musacchio accessed specific ETS e-mail
accounts "[o]n or about" November 23–25, 2005. *Id.,* at
83–84. The Government later filed a second superseding
indictment that made no changes relevant here.

Musacchio proceeded to a jury trial. At no time before
or during trial did he argue that his prosecution violated

––––––––––

[1] Counts 2 through 22 charged other defendants with exceeding au-
thorized access to specific e-mail accounts. App. 68–70. Those defend-
ants pleaded guilty, and later indictments dropped those counts.

the 5-year statute of limitations applicable to count 2. See 18 U. S. C. §3282(a) (providing general 5-year statute of limitations).

For the Government's part, it submitted proposed jury instructions on the conspiracy count before and during the trial. Each set of proposed instructions identified that count as involving "Unauthorized Access to Protected Computer[s]," and none required the jury additionally to find that Musacchio conspired to exceed authorized access to protected computers. Musacchio did not propose instructions on the conspiracy count.

Diverging from the indictment and the proposed instructions, the District Court instructed the jury on count 1 that §1030(a)(2)(C) "makes it a crime for a person to intentionally access a computer without authorization *and* exceed authorized access." App. 168 (emphasis added). The parties agree that this instruction was erroneous: By using the conjunction "and" when referring to both ways of violating §1030(a)(2)(C), the instruction required the Government to prove an additional element. Yet the Government did not object to this error in the instructions.

The jury found Musacchio guilty on both counts 1 and 2. The District Court sentenced him to 60 months' imprisonment. Musacchio appealed, making the two challenges that he again advances in this Court. First, he challenged the sufficiency of the evidence supporting his conspiracy conviction on count 1. He maintained, moreover, that the sufficiency of the evidence should be assessed against the erroneous jury instruction that included the additional element. Second, he argued, for the first time, that his prosecution on count 2—for unauthorized access—was barred by the 5-year statute of limitations because the superseding indictment was filed seven years after the crime and did not relate back to the timely original indictment.

The Fifth Circuit rejected both challenges and affirmed

Musacchio's conviction. 590 Fed. Appx. 359 (2014) (*per curiam*). First, the Court of Appeals concluded that it should assess Musacchio's sufficiency challenge against the charged elements of the conspiracy count, not against the erroneous jury instruction. See *id.,* at 362–363. Under Fifth Circuit precedent, the court explained, erroneously heightened jury instructions generally become the binding "law of the case" on appeal. *Id.,* at 362 (internal quotation marks omitted). Circuit precedent supplies an exception, however, when (1) the jury instruction is "'patently erroneous,'" and (2) "'the issue is not misstated in the indictment.'" *Ibid.* (quoting *United States* v. *Guevara*, 408 F. 3d 252, 258 (CA5 2005)). The Fifth Circuit concluded that those conditions for applying the exception were satisfied. See 590 Fed. Appx*.,* at 362–363. The court explained that the instruction's requirement of an additional element was "an obvious clerical error," and that the indictment correctly charged Musacchio only with "Conspiracy To Make Unauthorized Access to [a] Protected Computer." *Id.,* at 362. Therefore, the Fifth Circuit did not assess Musacchio's sufficiency challenge under the heightened jury instruction. *Id.,* at 362–363. Because Musacchio did not dispute that the evidence was sufficient to support a conviction under the elements set out in the indictment, the Fifth Circuit rejected his challenge. *Id.,* at 363.

Second, the Fifth Circuit rejected Musacchio's statute-of-limitations defense, concluding that he had "waived" the defense by failing to raise it at trial. *Id.*, at 363, 364.

We granted certiorari to resolve two questions that have divided the lower courts. 576 U. S. \_\_\_ (2015). The first question is whether the sufficiency of the evidence in a criminal case should be measured against the elements described in the jury instructions where those instructions, without objection, require the Government to prove more elements than do the statute and indictment. Com-

pare, *e.g., United States* v. *Romero*, 136 F. 3d 1268, 1272–1273 (CA10 1998) (explaining that sufficiency is measured against heightened jury instructions), with *Guevara*, *supra*, at 258 (CA5) (adopting an exception to that rule). The second question is whether a statute-of-limitations defense not raised at or before trial is reviewable on appeal. Compare, *e.g., United States* v. *Franco-Santiago*, 681 F. 3d 1, 12, and n. 18 (CA1 2012) (limitations defense not raised and preserved before or at trial is reviewable on appeal for plain error), with *United States* v. *Walsh*, 700 F. 2d 846, 855–856 (CA2 1983) (limitations defense not properly raised below is not reviewable on appeal).

## II

We first address how a court should assess a sufficiency challenge when a jury instruction adds an element to the charged crime and the Government fails to object. We hold that, when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction.

That conclusion flows from the nature of a court's task in evaluating a sufficiency-of-the-evidence challenge. Sufficiency review essentially addresses whether "the government's case was so lacking that it should not have even been submitted to the jury." *Burks* v. *United States*, 437 U. S. 1, 16 (1978) (emphasis deleted). On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a "meaningful opportunity to defend" against the charge against him and a jury finding of guilt "beyond a reasonable doubt." *Jackson* v. *Virginia*, 443 U. S. 307, 314–315 (1979). The reviewing court considers only the "legal" question "whether, after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, at 319 (emphasis in original). That limited review does not intrude on the jury's role "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Ibid.*

A reviewing court's limited determination on sufficiency review thus does not rest on how the jury was instructed. When a jury finds guilt after being instructed on all elements of the charged crime plus one more element, the jury has made all the findings that due process requires. If a jury instruction requires the jury to find guilt on the elements of the charged crime, a defendant will have had a "meaningful opportunity to defend" against the charge. *Id.,* at 314. And if the jury instruction requires the jury to find those elements "beyond a reasonable doubt," the defendant has been accorded the procedure that this Court has required to protect the presumption of innocence. *Id.,* at 314–315. The Government's failure to introduce evidence of an additional element does not implicate the principles that sufficiency review protects. All that a defendant is entitled to on a sufficiency challenge is for the court to make a "legal" determination whether the evidence was strong enough to reach a jury at all. *Id.,* at 319. The Government's failure to object to the heightened jury instruction thus does not affect the court's review for sufficiency of the evidence.[2]

———————

[2] In resolving the first question presented, we leave open several matters. First, we express no view on the question whether sufficiency of the evidence at trial must be judged by reference to the elements charged in the indictment, even if the indictment charges one or more elements not required by statute. Second, we do not suggest that the Government adds an element to a crime for purposes of sufficiency review when the indictment charges different means of committing a crime in the conjunctive. Third, we also do not suggest that an erroneous jury instruction cannot result in reversible error just because the evidence was sufficient to support a conviction.

Musacchio does not contest that the indictment here properly charged him with the statutory elements for conspiracy to obtain unauthorized access. The jury instructions required the jury to find all of the elements of that charged offense beyond a reasonable doubt. Nor does he dispute that the evidence was sufficient to convict him of the crime charged in the indictment—of conspiring to make unauthorized access. Accordingly, the Fifth Circuit correctly rejected his sufficiency challenge.

The Fifth Circuit erred, however, in basing that conclusion on the law-of-the-case doctrine. See 590 Fed. Appx., at 362–363. That doctrine does not apply here. The law-of-the-case doctrine generally provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Pepper* v. *United States*, 562 U. S. 476, 506 (2011) (quoting *Arizona* v. *California*, 460 U. S. 605, 618 (1983)). The doctrine "expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power." *Messenger* v. *Anderson*, 225 U. S. 436, 444 (1912). Thus, the doctrine may describe an appellate court's decision not to depart from a ruling that it made in a prior appeal in the same case. See C. Wright et al., 18B Federal Practice and Procedure §4478, p. 646, and n. 16 (2d ed. 2002) (collecting cases). But the doctrine is "something of a misnomer" when used to describe how an appellate court assesses a lower court's rulings. *United States* v. *Wells*, 519 U. S. 482, 487, n. 4 (1997). An appellate court's function *is* to revisit matters decided in the trial court. When an appellate court reviews a matter on which a party failed to object below, its review may well be constrained by other doctrines such as waiver, forfeiture, and estoppel, as well as by the type of challenge that it is evaluating. But it is not bound by district court rulings under the law-of-the-case doctrine. That doctrine does not bear on how to assess a sufficiency

challenge when a jury convicts a defendant after being instructed—without an objection by the Government— on all charged elements of a crime plus an additional element.

## III

We now consider whether a defendant may successfully raise the statute-of-limitations bar in 18 U. S. C. §3282(a) for the first time on appeal. Musacchio argues that he may do so, either because §3282(a) imposes a nonwaivable limit on federal courts' subject-matter jurisdiction or because a previously unraised limitations claim may constitute plain error that can be noticed on appeal. We disagree with both points, and hold that a defendant cannot successfully raise this statute-of-limitations bar for the first time on appeal.

## A

Statutes of limitations and other filing deadlines "ordinarily are not jurisdictional." *Sebelius* v. *Auburn Regional Medical Center*, 568 U. S. ___, ___ (2013) (slip op., at 8). We treat a time bar as jurisdictional only if Congress has "clearly stated" that it is. *Id.,* at ___ (slip op., at 6–7); (brackets and internal quotation marks omitted); see, *e.g., Henderson* v. *Shinseki*, 562 U. S. 428, 436, 439 (2011) (requiring a "clear indication" that a statute is jurisdictional (internal quotation marks omitted)). To determine whether Congress has made the necessary clear statement, we examine the "text, context, and relevant historical treatment" of the provision at issue. *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 166 (2010).

Congress has not made such a clear statement here. Rather, the statutory text, context, and history establish that §3282(a) imposes a nonjurisdictional defense that becomes part of a case only if a defendant raises it in the district court.

The statutory text suggests that §3282(a) does not impose a jurisdictional limit. Section 3282(a) provides:

> "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

Although §3282(a) uses mandatory language, it does not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms. The text of §3282(a) does not, therefore, provide a "clear indication that Congress wanted that provision to be treated as having jurisdictional attributes." *Henderson, supra*, at 439.

Context confirms that §3282(a) does not impose a jurisdictional limit. Federal courts' general criminal subject-matter jurisdiction comes from 18 U. S. C. §3231, which states: "The district courts . . . shall have original jurisdiction . . . of all offenses against the laws of the United States." Section 3231 speaks squarely to federal courts' "jurisdiction," in marked contrast to §3282(a), which does not mention "jurisdiction" or a variant of that term. And, nothing in §3231 "conditions its jurisdictional grant on" compliance with §3282(a)'s statute of limitations. *Reed Elsevier, supra*, at 165. This context supports the conclusion that §3282(a) is not jurisdictional.

The history of the limitations bar in §3282(a) demonstrates that it is a defense that becomes part of a case only if the defendant presses it in the district court. This Court held in *United States* v. *Cook*, 17 Wall. 168 (1872), that a statute of limitations—identical in all relevant respects to §3282(a)—was "a matter of defence and must be pleaded or given in evidence by the accused." *Id.*, at 181; see §32, 1 Stat. 119 (statute of limitations); see also *Cook, supra,* at 173, and n. * (citing and describing statute of limitations). When a defendant introduces the limitations defense into

the case, the Government then has "the right to reply or give evidence" on the limitations claim. 17 Wall., at 179.

*Cook* was decided more than 140 years ago, and we have adhered to its holding. Just three Terms ago, we reaffirmed that "[c]ommission of [a federal] crime within the statute-of-limitations period is not an element of the . . . offense," and "it is up to the defendant to raise the limitations defense." *Smith* v. *United States*, 568 U. S. ___, ___ (2013) (slip op., at 6) (citing *Cook*; emphasis deleted); see also *Biddinger* v. *Commissioner of Police of City of New York*, 245 U. S. 128, 135 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases . . . " (citing *Cook*)). There is, in sum, a long history of treating the operative language in §3282(a) as providing a nonjurisdictional defense that a defendant must press at trial to insert into the case.

In keeping with §3282(a)'s text, context, and history, we conclude that §3282(a) provides a nonjurisdictional defense, not a jurisdictional limit.

### B

Because §3282(a) does not impose a jurisdictional limit, the failure to raise it at or before trial means that it is reviewable on appeal—if at all—only for plain error. See Fed. Rule Crim. Proc. 52(b) (providing for consideration of "[a] plain error that affects substantial rights" even though the error "was not brought to the court's attention"). We conclude, however, that a district court's failure to enforce an unraised limitations defense under §3282(a) cannot be a plain error.[3]

---

[3] Because we conclude that the failure to enforce §3282(a)'s limitations defense cannot be plain error, we do not resolve whether the failure to raise that defense in the District Court amounts to waiver (which some courts have held to preclude all appellate review of the defense) or forfeiture (which some courts have held to allow at least plain-error review). See *United States* v. *Franco-Santiago*, 681 F. 3d 1,

As explained above, a statute-of-limitations defense becomes part of a case only if the defendant puts the defense in issue. When a defendant presses a limitations defense, the Government *then* bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period. See *Cook, supra*, at 179. When a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment. When a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error.

A defendant thus cannot successfully raise the statute-of-limitations defense in §3282(a) for the first time on appeal. The Fifth Circuit correctly refused to consider Musacchio's limitations defense here.

\*   \*   \*

For the foregoing reasons, we affirm the judgment of the Fifth Circuit.

*It is so ordered.*

_____

12, n. 18 (CA1 2012) (collecting cases).