IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2016

**STATE OF TENNESSEE v. BOBBY LYNN DOCKERY**

**Appeal from the Circuit Court for Sevier County**
**No. 19694     Richard R. Vance, Judge**
_____

**No. E2015-02028-CCA-R3-CD – Filed August 11, 2016**
_____

A Sevier County jury found Defendant, Bobby Lynn Dockery, guilty of forgery. He was sentenced to serve 5 years at 45% as a Range III offender. Defendant alleges on appeal that his conviction for forgery violates the double jeopardy clause of the United States Constitution. Defendant further argues that there was insufficient evidence to sustain the conviction. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellant, Bobby Lynn Dockery.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; James B. (Jimmy) Dunn, District Attorney General; and Rolfe A. Straussfogel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts**

On September 15, 2014, the Sevier County Grand Jury indicted Defendant for forgery. Defendant filed a motion to dismiss the indictment, claiming it subjected him to double jeopardy because he had already pled guilty to theft of the check in Jefferson County. After a hearing, the trial court denied the motion and stated:

> So even though it is at first appealing, the argument that he pled guilty to
> it in Jefferson County doesn't hold up because he didn't. He pled guilty
> to taking the check there. The incidental proof that he forged it and

passed it here is only proof regarding the taking of the check in Jefferson County, which is the only offense that court had jurisdiction over.

So for all those reasons, let your motion be denied.

At trial, Ms. Nancy Rowland testified that she mailed a check to her friend, Ms. Bobby Lovell, in 2013. Ms. Rowland further testified that Ms. Lovell contacted her several weeks after she mailed the check and informed Ms. Rowland that she had not yet received the check. Ms. Rowland testified that she went to her bank and asked them for a copy of the check and noticed that the endorsement on the back was not that of Bobby Lovell.

Ms. Lovell testified that she never received the check from Ms. Rowland and that she filed a police report after Ms. Rowland informed her that someone else had endorsed the check. Ms. Lovell further testified that she did not know Defendant and did not give Defendant permission to have the check.

Mr. Ronnie Coleman, a deputy with the Jefferson County Sheriff's Department, testified that he was called to investigate the possibility of a check being stolen out of Ms. Lovell's mailbox. Mr. Coleman testified that he looked at the check and identified a driver's license number written on the check to be Defendant's driver's license number. Mr. Coleman testified that he charged Defendant with theft for stealing the check, and Defendant pled guilty to this charge in Jefferson County General Sessions Court. The judgment was admitted into evidence.

Mr. Daniel Kirkman, an employee at the White Star Market in Sevier County, testified that the initials written on the check indicate that he is the employee who cashed the check, but he did not recall cashing the check. He further testified that it is store policy to write down the driver's license number, birthdate, and phone number of the person presenting the check when cashing it. All of this information was written on the check.

Maria Cutshaw, a detective for the Sevier County Sheriff's Office, testified that she worked with Mr. Coleman in the investigation of this case. Ms. Cutshaw testified that she examined the check and that it was signed Bobby Dockery on the back and had a driver's license number, a date of birth and a phone number written on the front of the check. Ms. Cutshaw testified that she used Defendant's official driving record to match Defendant's signature, driver's license number, and date of birth to the ones written on the check. Ms. Cutshaw further testified that she charged Defendant with forgery. The check and Defendant's official driver's license were admitted into evidence.

At the conclusion of the trial, the jury found Defendant guilty of forgery. Defendant filed a motion for a new trial claiming insufficient evidence to support the conviction, and he renewed his argument made pre-trial that prosecution for theft of the check and for forgery violated his right not to be subjected to double jeopardy. A hearing was conducted, and the trial court made the following findings in denying Defendant's motion:

> As far as the proof, the proof showed that this Defendant had taken the check from the mailbox in Jefferson County, had pled guilty to that, acknowledging thereby that he had taken possession of the check. That same check appears later, some days later at White Star Market, which bears this Defendant's signature, driver's license number, identification. So the circumstantial proof is — is pretty strong.

> The double jeopardy argument, which we heard before trial and was brought up again during trial and addressed today, these are totally separate, distinct offenses occurring on different days in different counties. The elements are different. The offenses are completely and totally separate one from the other. While evidence of one would be and was introduced in the trial of the other, the mere fact that that evidence was introduced does not confer a double jeopardy benefit.

> So let the motion for new trial be overruled.

**Analysis**

On review, we evaluate a claim of insufficient evidence by reviewing the evidence in the light most favorable to the prosecution, and then asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *see also Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Questions of fact, credibility of witnesses, and the weight of the evidence are determined by the fact finder. *State v. Brandon Blount*, No. W2015-00747-CCA-R3-CD, 2016 WL 3131355, at *5 (Tenn. Crim. App. May 26, 2016) (Citing *State v. Tuttle*, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Also, "the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009) (Citing *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992)).

Amendment V of the United States Constitution states that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." Tennessee's double jeopardy clause states "[t]hat no person shall, for the same offence, be twice put in

jeopardy of life or limb." Tenn. Const. art I, § 10. On review of a claimed violation of the double jeopardy clause, the Tennessee Supreme Court has determined the first inquiry to be whether the General Assembly intended multiple convictions to be permitted, and if so, the multiple convictions should be upheld. *State v. Watkins*, 362 S.W.3d 530, 556 (Tenn. 2012) (citing *Blockburger v. U.S.*, 284 U.S. 299 (1932)). If the legislative intent is not clear, then, as a threshold question, we ask "whether the convictions arise from the same act or transaction.", and if the offenses do not arise from the same act or transaction then this ends the inquiry and multiple convictions are permitted. *Watkins* at 556-57. If this threshold question is met, and the offenses did arise from the same transaction, "the question becomes whether each offense includes an element that the other does not—if so, there is a presumption that the General Assembly intended to permit multiple punishments; if not, the presumption is that multiple punishments are not permitted." *State v. Feaster*, 466 S.W.3d 80, 84 (Tenn. 2015) (citing *State v. Watkins,* at 557).

Defendant's claim involves a charge of theft and a charge of forgery. Pursuant to T.C.A. § 39-14-103(a), "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's consent." In regards to the offense of forgery, "[a] person commits an offense who forges a writing with intent to defraud or harm another." T.C.A. § 39-14-114(a).

Defendant contends that his conviction for forgery is a violation of the double jeopardy clause of the U.S. Constitution because he has already pled guilty to a charge of theft arising from the same set of events. Defendant concedes in his brief that forgery and theft contain different elements. However, Defendant contends that double jeopardy principles apply because the charges arise from the same set of facts. The State contends that because each offence contains at least one element not found in the other, convictions for both would not violate the double jeopardy clause. Theft of property requires the intent to deprive the owner of property by exercising control over the property without the owner's consent. Forgery, however, contains the element of "forging" a writing in order to defraud another. Thus, the two offenses contain at least one element not found in the other. The Tennessee Supreme Court evaluated a similar situation in *Feaster*, and held, "(1) the convictions arose from 'one continuous course of conduct'; (2) nevertheless, the offenses are not multiplicitous 'because aggravated assault and attempted voluntary manslaughter each require proof of a fact not required in proving the other . . .' " *State v. Feaster*, 466 S.W.3d at 84. Accordingly, we agree with the State. Each offense contains an element not found in the other, therefore we are to assume the General Assembly intended to permit multiple punishments and the double jeopardy clause has not been violated.

4

Defendant also argues that there was insufficient evidence to convict him of forgery because there were no witnesses that he is the person who cashed the check or altered the check by signing his name as the endorsement. The jury determined Defendant's guilt after hearing evidence that Defendant's signature, driver's license number, and date of birth were written on the check, and the jury heard testimony that it is store policy to record the driver's license number, phone number, and date or birth from the individual who is cashing the check. The jury was also presented with an exhibit that showed Defendant had already pled guilty to stealing the check. After viewing this evidence in the light most favorable to the prosecution, we conclude there was sufficient evidence for a rational trier of fact to find the elements of forgery beyond a reasonable doubt.

Upon consideration of the parties' briefs and the record as a whole, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

5