**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4414**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WILLIAM RANSIER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cr-00300-JFM-1)

Submitted: March 28, 2018                           Decided: April 4, 2018

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, P. Michael Cunningham, Lauren E. Perry, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, John William Ransier was convicted of using and attempting to use a facility of interstate commerce to persuade, induce, entice, or coerce a person who had not attained the age of 18 to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (2012). Ransier appeals, asserting that the evidence was insufficient to support his conviction. For the reasons that follow, we affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). A defendant challenging evidentiary sufficiency carries "a heavy burden." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). This court will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Barefoot*, 754 F.3d at 233 (internal quotation marks omitted). "[R]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Said*, 798 F.3d 182, 194 (4th Cir. 2015) (internal quotation marks omitted).

Under 18 U.S.C. § 2422(b), "[w]hoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." *Id*. Section "2422(b) comprises four elements: (1) use of a facility of interstate commerce; (2) to

2

knowingly persuade, induce, entice, or coerce; (3) a person who is younger than eighteen; (4) to engage in an illegal sexual activity." *United States v. Fugit*, 703 F.3d 248, 254 (4th Cir. 2012) (internal quotation marks omitted). Ransier contends that the evidence was insufficient to establish the second element: to wit, that he persuaded, induced, enticed, or coerced.[*]

We agree with Ransier that the evidence does not support a finding of coercion and therefore consider only whether the Government established that Ransier persuaded, induced, or enticed. Because the terms "persuade," "induce," and "entice" are not statutorily defined, we accord them their ordinary meaning. *United States v. Clarke*, 842 F.3d 288, 296 (4th Cir. 2016). In ordinary usage, the terms "persuade," "induce," and entice" "are effectively synonymous, and the idea conveyed is of one person leading or moving another by persuasion or influence, as to some action or state of mind." *United States v. Engle*, 676 F.3d 405, 411 n.3 (4th Cir. 2012) (internal quotation marks and brackets omitted).

---

[*] Ransier implies that, because the jury instructions listed these actions in the conjunctive, the Government was required to prove that he persuaded, induced, enticed, *and* coerced. However, § 2422(b) employs disjunctive language. Consequently, the jury's verdict may be upheld as long as the evidence was sufficient to establish that Ransier persuaded, induced, enticed, *or* coerced. *See Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) ("when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction"); *see also United States v. Iverson*, 818 F.3d 1015, 1027 (10th Cir.) (citing *Musacchio* in rejecting sufficiency of the evidence argument based on jury instructions that set forth the means of committing the offense in the conjunctive, where statute was worded in disjunctive), *cert. denied*, 137 S. Ct. 217 (2016).

We conclude the evidence in this case was sufficient to establish that Ransier attempted to use a facility and means of interstate commerce to persuade, induce, or entice a person he believed to be a 13-year-old girl to engage in sexual activity. Ransier answered a Craigslist ad under the Casual Encounters listing posted by an undercover Baltimore County detective using the name "Christy S." This ad did not indicate that the advertiser was a minor. However, two weeks later, the detective posing as Christy S. responded to Ransier's email and identified "herself" as a 13-year-old girl. Ransier readily acknowledged his belief that he was speaking to a 13-year-old girl and requested her photo. When Christy S. told Ransier that she did not have a phone, he told her he could get her one if she was "good," and promised to "spoil" her. He initiated the next email exchange by asking "Christy S" for a "sexy pic," began a sexually explicit dialog with her, said that he wanted someone to spoil and who, in exchange would take care of him, and he requested that they meet in person. When "Christy S" asked Ransier how she could know that he would not "cut [her] up and put [her] in a hole," he reassured her by saying that he would spoil her so much that all of her friends would be jealous and she would fall in love with him. In all these ways, Ransier sought to persuade, induce, and entice a 13-year-old girl to engage in sexual activity.

We conclude that the evidence was sufficient to support Ransier's conviction and therefore we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4