**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEMICKO BILLIE THOMAS,<br><br>                    Petitioner-Appellant,<br><br>    v.<br><br>MAGGIE MILLER-STOUT, Warden of Airway Heights Correctional Center, and the Washington State Department of Corrections,<br><br>                    Respondent-Appellee. | No.    18-35284<br><br>D.C. No. 2:11-cv-02186-RSM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 28, 2019**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Washington state prisoner Demicko Billie Thomas ("Thomas") appeals the

district court's denial of his federal habeas petition which challenged his convictions

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and sentence for firearm enhancements imposed in connection with his robbery of two jewelry stores in 2002. We affirm.

The Washington state court did not unreasonably determine that sufficient evidence supported the imposition of the firearm enhancement with respect to the second robbery. The jury instructions mistakenly required proof the weapon was operable, which was not required under Washington law. *See State v. Wade*, 138 P.3d 168, 176 (Wash. Ct. App. 2006). The Supreme Court has held that "when a jury instruction sets forth all the elements of the charged crime *but incorrectly adds one more element*, a sufficiency challenge should be assessed against the elements of the charged crime, *not against the erroneously heightened command in the jury instruction*." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (emphasis added). Thus, the state court reasonably concluded the government was not required to prove the weapon was operable despite the erroneous instruction.

The state court also reasonably concluded there was sufficient evidence that Thomas had used a real weapon in the commission of the robbery, that is, a weapon "capable of discharging a projectile by an explosive such as gunpowder." During trial testimony, a victim described the weapon as "a large hand held gun, it was silver, aluminum silver color. The barrel of the gun was about that big from what I remember and had a very dark tunnel-looking hole in the middle." She also testified

2

that when Thomas held the gun to her back it "felt very heavy, very strong." A second witness described the weapon similarly and testified that Thomas told them, "I don't want to hurt you," which the court of appeal noted supported an inference that he was "capable of hurting them with the weapon he held." Viewing all reasonable inferences in the light most favorable to the prosecution, there was sufficient testimony for a rational juror to infer that the gun was real. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

We decline to expand the Certificate of Appealability to include Thomas's claim that the imposition of the firearm enhancement violates the Double Jeopardy Clause. We "look to the district court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Here, the district court properly evaluated Thomas's claims under applicable Supreme Court law. *See Missouri v. Hunter*, 459 U.S. 359, 368–69 (1983) (no Double Jeopardy violation when "a legislature specifically authorizes cumulative punishment under two statutes," because "regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial").

**AFFIRMED.**

3