**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4385**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAMELA R. ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-po-00001-TLW-1)

Submitted:  December 21, 2020                    Decided:  January 4, 2021

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Peter M. McCoy, Jr., United States Attorney, Tommie DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pamela R. Anderson appeals the district court's order affirming her conviction by a magistrate judge for third degree criminal domestic violence, in violation of S.C. Code Ann. § 16-25-20(A), as assimilated by the Assimilated Crimes Act, 18 U.S.C. § 13. Anderson contends that the Government failed to present sufficient evidence to support her conviction. For the reasons that follow, we affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). We must uphold a guilty verdict when, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (internal quotation marks omitted). In assessing the sufficiency of the evidence, we must consider the evidence "in cumulative context" to determine "the complete picture that the evidence presents." *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc), and "draw[] all reasonable inferences from the facts" in favor of the prosecution. *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (citation and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2585 (2020).

To sustain a conviction of criminal domestic violence in the third degree, the Government must prove that the defendant (1) "cause[d] physical harm or injury to [her] own household member;" or (2) "offer[ed] or attempt[ed] to cause physical harm or injury to [her] own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." § 16-25-20(A). Under § 16-25-20(A), an

offer or attempt to cause harm includes a "threat to inflict physical harm or injury." *United States v. Drummond*, 925 F.3d 681, 691 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 976 (2020). We have thoroughly reviewed the record and conclude that there was sufficient evidence from which a trier of fact could conclude that Anderson offered or attempted to harm her former husband under circumstances reasonably creating fear of imminent peril.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*