**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4498**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYLER LLOYD GRANTZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00459-WO-1)

Submitted:  August 30, 2021                          Decided:  November 15, 2021

Before HARRIS and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tyler Lloyd Grantz of knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j), possessing with intent to distribute cocaine and oxycodone, in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(C), and discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced Grantz to 360 months' imprisonment. On appeal, Grantz first asserts that the district court erroneously denied his motion to suppress evidence recovered during a warrantless search of his suitcase. He also argues that the court erroneously denied his Fed. R. Crim. P. 29 motion for a judgment of acquittal as to the § 922(j) count. For the reasons that follow, we affirm.

In reviewing a district court's ruling on a motion to suppress, "[w]e review the factual findings . . . for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When, as here, the district court has denied a defendant's suppression motion, we consider the evidence in the light most favorable to the government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety," we "may not reverse it." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted). Rather, we may "reverse a lower court's finding of fact" only if we are "left with the definite and firm conviction that a mistake has been committed." *Pulley*, 987 F.3d at 376.

2

Here, based on the facts adduced at the suppression hearing, the district court concluded that Grantz voluntarily abandoned his suitcase and thus found that the warrantless search of the case did not violate Grantz's Fourth Amendment rights. "The law is well established that a person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *Ferebee*, 957 F.3d at 412 (collecting cases) (internal quotation marks omitted). In determining whether a person has abandoned property, "[t]he inquiry focuses on objective evidence of the intent of the person who is alleged to have abandoned the place or object." *Id.* at 413 (internal quotation marks omitted). Here, "the obvious conclusion" from the evidence adduced at the suppression hearing was that Grantz, attempting to move quickly and evade capture, "purposefully . . . tossed aside" the suitcase, *United States v. Small*, 944 F.3d 490, 503 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 2644 (2020), thereby abandoning it. We therefore conclude that the district court did not err in denying Grantz's motion to suppress.

Turning to the district court's denial of Grantz's Rule 29 motion, we review de novo the sufficiency of the evidence supporting Grantz's § 922(j) conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). "We will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "[S]ubstantial evidence . . . is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (internal quotation marks omitted). The relevant question

3

is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted).

Furthermore, in determining whether substantial evidence supports a conviction, we are "not entitled to assess witness credibility," *Savage*, 885 F.3d at 219, as it is the province of the "jury, not the reviewing court, [to] weigh[] the credibility of the evidence and resolve[] any conflicts in the evidence presented," *United States v. Ath*, 951 F.3d 179, 185 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2790 (2020). We must also "draw[] all reasonable inferences from the facts" in "the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2585 (2020). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

We have thoroughly reviewed the evidence adduced at trial and conclude that it was sufficient to prove (1) Grantz possessed a stolen firearm; (2) which moved or was shipped in interstate commerce; and (3) Grantz knew or had reasonable cause to believe that the firearm was stolen. *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (listing elements of § 922(j) offense). Grantz has therefore not met his burden to show that "no rational trier of fact could have agreed with the jury" that he had knowingly possessed a

stolen firearm.  *United States v. Benson*, 957 F.3d 218, 238 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 934 (2020), *and cert. denied*, 141 S. Ct. 935 (2020).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*