

# In the
# Missouri Court of Appeals
## Western District

**STATE OF MISSOURI,**
**Respondent,**

**WD84927**
**OPINION FILED:**
**April 18, 2023**

**v.**

**JUSTIN ANDREW MARKS,**
**Appellant.**

### Appeal from the Circuit Court of Lafayette County, Missouri
The Honorable Dennis Allen Rolf, Judge

Before Division Four: Gary D. Witt, Chief Judge, Presiding, Alok Ahuja, Judge and
Janet Sutton, Judge

Justin Andrew Marks ("Marks") appeals the judgment of the Circuit Court of

Lafayette County, Missouri ("trial court"), convicting him, after a jury trial, of one count

of domestic assault, second degree, section 565.073[1], and one count of domestic assault,

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement.

third degree, section 565.074. On appeal, Marks claims that the trial court: (1) plainly erred in sentencing Marks to six years in prison for the class E felony of domestic assault, third degree, because the charging document only set forth the mental state for the misdemeanor of domestic assault, fourth degree; (2) erred in overruling Marks's motion for judgment of acquittal because the State failed to introduce sufficient evidence that his victim suffered "physical injury"; and (3) plainly erred in submitting the verdict directing instruction to Count II because the instruction allowed the jury to convict him for "knowingly causing pain" to his victim, which is a felony, whereas the charging document only charged him with "recklessly causing injury," which is a misdemeanor.

We affirm the judgment of the trial court.

### Factual and Procedural Background[2]

Marks and T.H. ("Victim") were in a romantic relationship in early May of 2019. Marks and Victim lived together in Marks's residence for a short period of time. On or about May 1, 2019, Marks and Victim had an argument, because Victim discovered a piece of a straw in Marks's clothing, which Victim believed Marks had used to snort methamphetamine. After the argument, during which Marks had threatened to hit Victim, Victim tried to leave the residence by running out the front door. Marks grabbed Victim by her hair and dragged her into the kitchen, where he began choking her and covering her mouth so she could not scream for help. Victim eventually "blacked out," and when she regained consciousness, Marks was yelling at her and telling her that she could not leave.

---

[2] The facts are presented in the light most favorable to the verdict. *State v. Perry,* 275 S.W.3d 237, 242 (Mo. banc 2009).

Marks dragged Victim to the bedroom, where the altercation continued. Victim tried to jump out the bedroom window, but Marks dragged her back in and threw her shoes out the window so she could not leave that way due to broken glass on the ground. Victim attempted to leave again six or seven times after Marks fell asleep, but was unsuccessful each time, because Marks would awaken and pull her back inside. The next morning, Victim grabbed a basket of her clothes and tried to leave, but Marks again grabbed her by the hair and dragged her back into the front room, where Marks bit Victim on the upper leg, causing a bite wound. Finally, Victim managed to escape the residence, but when she turned around she saw Marks holding her cat by its throat. Victim went back to retrieve her pets, and she then left successfully. As Victim drove off, Marks threw a baseball bat at her truck and broke the tail light. Victim went to a friend's house, and the friend took her to a hospital.

At trial, photographs, which showed bruising on Victim, were admitted into evidence, but the photographs did not show the bite mark. The photographs appear to be of her lower legs and her arms whereas she testified that the bite wound was on her upper thigh. Victim did not tell the police a completely accurate story at the time she reported the crime because she did not want Marks to be prosecuted; she just wanted an order of protection. After Victim obtained the order of protection, Marks continued to contact her via "TextNow" under different numbers. One of the texts[3] from Marks stated:

> I realized something, I am strong enough to get thru the pain that I have faced in this past year. I realize that when I was lashing out because of this pain that the anger wasn't because of u, it was because of people that claimed they

---

[3] The text is quoted verbatim, including any typographical and grammatical errors.

3

loved me with all there heart and then left and played games with my heart. I realize that while I am strong enough to stand back up and make the life I was working towards what seems like a lifetime ago, but I am also strong enough to show u that you never deserved abuse from me, from your ex's, from your step dad. And give u the life u actually do deserve. I love you [Victim] and I am not giving up. I miss you so much.

Despite Victim's reluctance to press charges, Marks was prosecuted. The amended information charged Marks with one count of the class D felony of domestic assault in the second degree, section 565.073 (Count I), and one count of the class E felony of domestic assault in the third degree, section 565.074 (Count II).[4] Count II of the amended information alleged that Marks "recklessly caused physical injury to [Victim] by biting [Victim]," although section 565.074 provides that someone commits the offense when he or she "attempts to cause physical injury or knowingly causes physical pain or illness to a domestic victim[.]" Marks never objected to the discrepancy between the mental state in the charging document, "recklessly," and the mental state required under the statute cited, "knowingly."

At trial, Marks testified in his own defense. Marks testified that, after an argument, he told Victim to "get the fuck out." He denied choking Victim or biting her. Marks testified that he took a baseball bat to Victim's tail light and then "went back inside and started grabbing her shit and throwing it in the yard," all the while yelling for Victim to leave. Marks testified that he did not cause Victim's injuries and then repeated his claim that he never choked or bit Victim.

The verdict-directing instruction for Count II, to which Marks did not object, stated:

---

[4] Two additional counts were dismissed.

4

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about May 2, 2019, in the State of Missouri, the defendant knowingly caused physical pain to [Victim] by biting [Victim], and

Second, that [Victim] and defendant were persons who had been in a continuing social relationship of romantic or intimate nature, and

Third, that defendant knew or was aware that [Victim] and defendant were persons who had been in a continuing social relationship of romantic or intimate nature,

Then you will find the defendant guilty under Count II of domestic assault in the third degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The jury was also given a verdict directing instruction on Count II for domestic assault in the fourth degree as a lesser-included offense of domestic assault in the third degree if they found that Marks "recklessly caused physical pain to [Victim] by biting [Victim]." The jury found Marks guilty of domestic assault in the second degree (Count I) and domestic assault in the third degree (Count II). Marks did not object to the jury instruction on these grounds and did not challenge the discrepancies between the amended information, charging the mental state of "recklessly causing" "physical injury," and the jury instructions, setting forth the mental state of "knowingly causing" "physical pain," in his motion for new trial. This appeal follows.

**Standard of Review**

"An issue is not preserved for appellate review if the issue is not included in a motion for new trial." *State v. Wood*, 580 S.W.3d 566, 578 (Mo. banc 2019). "[A] point

is preserved for appellate review only if it is based on the same theory presented at trial." *State v. Rice*, 573 S.W.3d 53, 63 (Mo. banc 2019). However, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.[5] "An instructional error rarely rises to the level of plain error." *State v. Condict*, 65 S.W.3d 6, 15 (Mo. App. S.D. 2001). "Manifest injustice or miscarriage of justice will result only if it is apparent that the jury's verdict was tainted by the instructional error." *Id.* "[U]nder Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." *State v. Tillman*, 289 S.W.3d 282, 291 (Mo. App. W.D. 2009).

Generally, our review of the sufficiency of the evidence to support a conviction "is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt." *State v. Nash*, 339 S.W.3d 500, 508-09 (Mo. banc 2011). "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation omitted).

---

[5] All rule references are to the Missouri Court Rules (2022).

**Analysis**

*Points I and III:  Error in the Amended Information and its relation to the jury instructions*

Marks's first and third points on appeal both allege error in the discrepancies between the language of the charging document and the jury instruction for Count II for the class E felony of domestic assault in the third degree.  In the amended information, it charged the class E felony under Count II as "recklessly" causing "physical injury" by biting the victim.  Whereas the jury instruction set forth the mental state required under the statute of "knowingly" and differed from the charging document by alleging that Mark's caused "physical pain" by biting the victim.  Neither was preserved for appeal at trial and so may only be reviewed for plain error; as such, we will discuss Points I and III together.  Point I alleges that the trial court plainly erred in sentencing Marks to six years' imprisonment for domestic assault in the third degree because the amended information, although charging Marks with domestic assault in the third degree and citing the proper statute, section 565.074, set forth the mental state of domestic assault in the fourth degree, a misdemeanor offense.  Point III alleges that the trial court plainly erred in submitting the verdict directing instruction for domestic assault in the third degree, a felony, while the amended information "only charged [him] with a misdemeanor."

As stated above, the amended information did charge Marks with the class E felony of domestic assault in the third degree in violation of section 565.074.  However, the amended information alleged that Marks "recklessly caused physical injury to [Victim] by

7

biting [Victim]," whereas the proper mental state set forth in section 565.074 is that the defendant "attempts to cause physical injury or knowingly causes physical pain or illness to a domestic victim[.]"  The verdict-directing instruction (Instruction No. 7) instructed the jury that "you will find [Marks] guilty under count II of domestic assault in the third degree" if the jury found beyond a reasonable doubt that Marks "knowingly caused physical pain to [Victim] by biting [Victim]."  Marks did not object to either the discrepancy as to the mental state alleged in the amended information from the statutory language, or to the variance between the verdict-directing instruction and the amended information.  Instead, Marks offered a verdict-directing instruction for the lesser-included offense of domestic assault in the fourth degree, a misdemeanor.  Instruction No. 8 instructed the jury to find Marks guilty of the misdemeanor offense of domestic assault in the fourth degree if he "recklessly caused physical pain to [Victim] by biting [Victim]."  The trial court submitted Marks's offered instruction for the lesser-included offense, but the jury returned a verdict of guilty of the felony offense under Count II under Instruction No. 7.

Marks requests plain error review for both of these alleged errors.  Our Supreme Court has given us direction as to the proper analysis of these issues in a case with nearly identical facts, *State v. Madison*, 997 S.W.2d 16 (Mo. banc 1999).  In *Madison*, the information charged Madison with the class D felony of child endangerment in the first degree, and cited the correct statutory provision for that offense, 568.045, but "misstated the mental state required by section 568.045, . . . [and] charged that Madison acted with 'criminal negligence,' the mental state required by section 568.050. . . for child

8

endangerment in the second degree, a class A misdemeanor." *Id.* at 18-19. As in the present case, *Madison* first raised his objection to the variance on appeal. *Id.* at 19. The Supreme Court in *Madison* concluded that there was no manifest injustice or miscarriage of justice because Madison's defense at trial did not depend upon his mental state; rather, Madison's defense was that he did not wave or point a gun at the children at all, under any mental state. *Id.* The Court pointed out that the charging document cited the correct statute and the proper class of the offense, as well as setting forth the facts giving rise to the felony offense. The Court determined that neither the "improperly stated information" nor the variance between the charges in the information and the jury instructions submitted to the jury was prejudicial to Madison because they did not affect "the defendant's ability adequately to defend against the charges in the information." *Id.*

Similarly, in Marks's trial, his defense was that he never bit or choked Victim. Exactly as in *Madison*, Marks's ability to defend himself on the basis that he did not bite Victim in no way depended upon his mental state or whether he bit Victim recklessly or knowingly causing her physical injury or physical pain. Further, the misdemeanor lesser-included offense was submitted to the jury but they found him guilty of the felony offense. Seeing no distinction between *Madison* and the present case, we find that Marks has failed to show that manifest injustice or a miscarriage of justice occurred with respect to either the misstated mental state allegation in the amended information or the verdict-directing instruction.

Points I and III are denied.

*Point II: Sufficiency of the Evidence*

Marks's second point on appeal is that the trial court erred in overruling his motion for acquittal on Count II at the close of the evidence because the State failed to prove that Marks caused physical injury to Victim. As stated above, we review challenges to sufficiency of the evidence, not as whether we believe that the evidence at trial established guilt beyond a reasonable doubt, but rather as whether any rational fact-finder could have found all of the essential elements of the crime beyond a reasonable doubt. *Nash*, 339 S.W.3d at 509. We do not weigh the evidence but rather "accept[] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[] all contrary evidence and inferences." *State v. Zetina-Torres*, 482 S.W.3d 801, 806 (Mo. banc 2016) (internal quotation omitted).

To prove that a defendant has committed the offense of domestic assault in the third degree, the State must prove that the defendant has "attempt[ed] to cause physical injury or knowingly cause[d] physical pain or illness to a domestic victim[.]" Section 565.074. On appeal, Marks cites *Zetina-Torres* for the proposition that "a reviewing court's limited determination on sufficiency review. . . does not rest on how the jury was instructed" but rather "how the crime was charged." *Zetina-Torres*, 482 S.W.3d at 809. However, *Zetina-Torres* differed from the present case in that it did not involve an argument that the defendant was charged with having committed one form of the offense but the jury convicting him based on another. In *Zetina-Torres*, the defendant was charged with acting alone or in concert with his co-defendant to commit the offense, and the jury's finding of

10

guilt was sufficiently supported by the evidence. *Id.* at 809. The quoted language comes from a United States Supreme Court case, *Musacchio v. United States*, 577 U.S. 237, 243-44 (2016), where the defendant was convicted by a jury instructed on an additional element not charged, and there was insufficient evidence to support the additional element. *Id.* This case is unlike *Musacchio* or *Zetina-Torres*, and so we need not look to the charging document in our sufficiency analysis. Instead, we look to the verdict directing instruction and determine whether sufficient evidence supports the jury's verdict as instructed. Although the charging document is not irrelevant, and Marks is correct that a defendant may not be charged with one form of an offense and convicted of another, *see Tillman*, 289 S.W.3d at 292, this principle relates to the variance between the charging document and the jury instructions, which we already determined above was not plain error. It does not affect the sufficiency analysis, and we do not determine whether there was sufficient evidence for the jury to have found Marks guilty of the offense as charged in a document that was not before it.

The jury was instructed to find Marks guilty if he "knowingly caused physical pain to [Victim] by biting [Victim]." Victim was asked at trial "what caused [her] pain" while she was fighting with Marks, and she answered, "One was from him kicking, and then he also leaned over and bit me on my thigh." Victim later went to the hospital to have her wounds examined. This is sufficient evidence that Marks knowingly caused Victim pain by biting her.

Marks's Point II is denied.

11

## Conclusion

For all of the above-stated reasons, the judgment of the trial court is affirmed.

_____
Gary D. Witt, Judge

All concur