**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10105 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00066-GEB-1 |
| v. | |
| ALLA SAMCHUK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 9, 2018[**]
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Alla Samchuk was sentenced to 111 months of imprisonment after being convicted of six counts of bank fraud in violation of 18 U.S.C. § 1344, six counts of making a false statement in violation of 18 U.S.C. § 1014, one count of money

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

laundering in violation of 18 U.S.C. § 1957, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Samchuk appeals her money laundering and aggravated identity theft convictions as well as her sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Samchuk first argues that she received ineffective assistance of counsel because her trial counsel failed to argue that the money laundering and aggravated identity theft charges were barred by the statute of limitations, 18 U.S.C. § 3282(a). Samchuk did not raise the statute of limitations in the district court, and she "cannot successfully raise [that] defense for the first time on appeal." *Musacchio v. United States*, 136 S. Ct. 709, 718 (2016); *see United States v. Lo*, 231 F.3d 471, 480–81 (9th Cir. 2000). We decline to address Samchuk's claim of ineffective assistance of counsel on direct appeal, as the record is insufficiently developed and it is not obvious that Samchuk was denied her Sixth Amendment right to counsel. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013); *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). This claim is better suited for review in a proceeding for habeas corpus under 28 U.S.C. § 2255.

2.      Samchuk next argues that the district court erred in imposing a two-level sentencing adjustment under U.S.S.G. § 3B1.3 for an abuse of a position of trust. We review the district court's factual findings for clear error and its

application of the Sentencing Guidelines to those findings for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.) (en banc), *cert. denied*, 138 S. Ct. 229 (2017).  Here, the district court found that Samchuk misappropriated the identity of one of her real estate clients to obtain a line of credit in the client's name without his knowledge or authority.  The district court's factual findings are not clearly erroneous.  The client testified that he did not remember opening the line of credit, that he never received a book of checks related to the line of credit, and that he did not know the recipient of several checks that were drawn on the line of credit—Samchuk's daughter.  Nor did the district court abuse its discretion in applying the sentencing adjustment to these facts, as the adjustment applies to a "defendant who exceeds or abuses the authority of his or her position in order to . . . use without authority . . . any means of identification."  U.S.S.G. § 3B1.3 n.2(B).

**AFFIRMED.**