**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4579**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUSTIN WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:17-cr-00104-HEH-3)

Submitted:  May 31, 2019                                        Decided:  June 20, 2019

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter L. Goldman, O'REILLY & MARK, P.C., Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Dustin Washington of conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012) (Count 1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 6). The district court sentenced Washington to 264 months' imprisonment on Count 1 and 120 months' imprisonment on Count 6, to run concurrently. On appeal, Washington argues that (1) the district court erred in denying his motion to suppress evidence seized during a search of a BMW vehicle, and (2) there was insufficient evidence to support the jury's finding that the amount of heroin he knew of or was reasonably foreseeable to him in the conspiracy was one kilogram or more. As a result, he argues, his sentence should also be vacated. We affirm.

Washington first appeals the district court's denial of his motion to suppress the AR-15 rifle and ammunition seized from the trunk of a BMW during officers' execution of a search warrant. "Analyzing a district court's decision to deny a motion to suppress, we review legal conclusions de novo and factual findings for clear error." *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe

2

witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

On appeal, Washington primarily contends, as he did below, that there was insufficient information in the search warrant's supporting affidavit to justify the warrant. However, the district court did not rely on the sufficiency of the affidavit to deny the motion to suppress. Rather, the district court denied the motion because there was probable cause to believe that Washington had used the BMW to transport controlled substances to at least one narcotics transaction and that the BMW was thus an instrument of a crime and seizable pursuant to 21 U.S.C. § 881 (2012) and Va. Code § 19.2-386.22 (2018). *See Florida v. White*, 526 U.S. 559, 561-62, 565-66 (1999); *United States v. Bizzell*, 19 F.3d 1524, 1527 (4th Cir. 1994). We agree with the district court's reasoning and affirm the denial of Washington's motion to suppress the rifle and ammunition.

Washington next argues that the evidence was insufficient as a matter of law to support the jury's finding that the amount of heroin Washington knew of or was reasonably foreseeable to him in the conspiracy was one kilogram or more. We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). In evaluating the sufficiency of the evidence, we "consider[] only the legal question whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (internal quotation marks omitted). "[W]e consider circumstantial as

3

well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Savage*, 885 F.3d 212, 219-20 (4th Cir. 2018) (internal quotation marks omitted).

In a drug distribution conspiracy case such as this one, the defendant is responsible not only for the drugs he distributed but also for any drugs his coconspirators distributed "in furtherance of the conspiracy and reasonably foreseeable to him." *United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010). After a review of the record, we conclude that the Government presented ample evidence on which a rational trier of fact could conclude that the amount of heroin Washington knew of or was reasonably foreseeable to him in the conspiracy was one kilogram or more. Moreover, because Washington does not challenge any aspect of his sentence other than arguing that it should be vacated in light of his challenges to his convictions, we conclude that he has not raised a valid claim of sentencing error.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4