This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37188**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ELISEO QUEZADA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret Crabb, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Eliseo Quezada appeals his conviction for petty larceny, contrary to NMSA 1978, Section 30-16-1(A)-(B) (2006), entered after a jury found him guilty of stealing a restaurant's tip jar. He challenges the conviction on two sufficiency grounds. First, Defendant claims the State did not sufficiently prove an element in the jury instruction, the amount of money in the jar. Second, Defendant claims the State did not sufficiently prove that he was the person who stole the tip jar. We affirm.

**BACKGROUND**

**{2}**     The theft was recounted by witnesses as follows. A man came into a restaurant in Hobbs, New Mexico during the lunch hour, walked into the bathroom, and moments later left the restaurant. Not long afterward, a man who was wearing some of the same clothes as the man who walked into the bathroom came into the restaurant, took the tip jar from behind the counter, and ran out. Some of the restaurant's patrons chased after him, but he got away. They saw him leave in a car and saw another car follow his.

**{3}**     Based on information gathered from witnesses and from surveillance video recordings of the incident, police identified Defendant as the suspect, then arrested and interviewed him. During the interview, Defendant told police he could not remember what he was doing at the time of the theft the day before and blamed the memory lapse on his injury from a car accident.

**{4}**     The State charged Defendant with armed robbery. At trial, the jury was instructed to find him guilty of the lesser included offense of petty larceny if

1.     [D]efendant took and carried away the tip jar of money belonging to another, which had an estimated market value of $200[;]

2.     [a]t the time he took this property, [D]efendant intended to permanently deprive the owner of it; [and]

3.     [t]his happened in New Mexico on or about the 23rd day of December, 2015.

The jury found Defendant guilty of petty larceny.

**DISCUSSION**

**I.     The State Did Not Have to Prove That the Estimated Market Value of the Tip Jar Was $200**

**{5}**     Defendant first argues that the State failed to present evidence sufficient for the jury to find part of the first element of the jury instruction: that the tip jar had an estimated market value of $200. Defendant reasons that the only evidence of the amount in the jar, testimony by the restaurant's owner, was that it had around $150 in it. Defendant contends that the testimony could not properly have led the jury to conclude that the amount was $200. To reach that conclusion, Defendant says, the jury would have to improperly speculate.

**{6}**     Defendant premises this sufficiency challenge on the law-of-the-case doctrine. As applicable here, the doctrine provides that the "[j]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Jackson*, 2018-NMCA-066, ¶ 22, 429 P.3d 674 (internal quotation marks and citation

omitted). In other words, Defendant asserts that the jury's finding of "an estimated market value of $200" was essential to his conviction and contends that the State was required to put forth evidence sufficiently supporting that finding.

**{7}** This is not a circumstance in which the law-of-the-case doctrine applies, however. As the United States Supreme Court has observed, speaking on the presumption of innocence and a defendant's right to due process, "[the] doctrine does not bear on how to assess a sufficiency challenge when a jury convicts a defendant after being instructed . . . on all charged elements of a crime plus an additional element." *Musacchio v. United States*, __ U.S. __, 136 S. Ct. 709, 716 (2016).[1]

**{8}** Rather, we are to assess the evidence only to ensure that it sufficiently supports each element of the charged crime, *see id.* at 715; *Carpenter*, 2016-NMCA-058, ¶¶ 12-16, or, in a case like this, that crime's lesser included offense on which the conviction was based, *see Carpenter*, 2016-NMCA-058, ¶ 16. Here, where the crime charged was armed robbery and the conviction was its lesser included offense, petty larceny, we are concerned only with whether the evidence was sufficient to support each of the elements of petty larceny as defined by Section 30-16-1(A)-(B).

**{9}** That requirement is met here. Section 30-16-1(A) defines larceny as "the stealing of anything of value that belongs to another." When the value of the stolen property is $250 or less, the thief is guilty of a petty misdemeanor. Section 30-16-1(B). The jury instruction, as noted, hinged guilt on the stealing of "the [restaurant's] tip jar of money." Assuming the tip jar itself had even nominal worth and there was money in it, as the restaurant owner testified, then the element of the stolen property having a value of $250 or less is satisfied.

**{10}** Defendant does not dispute that the jar was stolen or that there was at least some money inside of it. Instead, his argument is focused on the particular amount in the jar. But this was an extraneous element in the jury instruction; all petty larceny requires is that the stolen property have some value. *Cf.* UJI 14-1601 NMRA use notes 3, 5 (indicating that a jury instruction should not specify the stolen property's value when the charge is petty larceny). And such extraneous elements, whether legal or factual, cannot serve as the basis of a sufficiency challenge. *See Carpenter*, 2016-NMCA-058, ¶¶ 7, 15-16 (holding that a legal element unnecessary to the jury instruction is not part of the sufficiency measurement); *see also State v. Sweat*, 2017-NMCA-069, ¶¶ 31-33, 404 P.3d 20 (holding the same, but concerning an unnecessary factual element).

**{11}** The same holds true here, where the "estimated market value" element was unnecessary to begin with, it cannot serve as the basis of a sufficiency challenge. Accordingly, whether the State introduced sufficient evidence to prove that the jar contained around $200 (an extraneous factual element) is irrelevant. Our concern is instead with the evidence tending to prove the elements of petty larceny. The restaurant

---

[1]Our courts have embraced the sufficiency-review principles and reasoning articulated in *Musacchio* both generally, *see State v. Lente*, 2019-NMSC-020, ¶¶ 53-54, 453 P.3d 416, and more particularly, *see State v. Carpenter*, 2016-NMCA-058, ¶¶ 12-16, 374 P.3d 744.

owner's testimony that Defendant stole the tip jar containing money was substantial evidence of the elements of that crime.

## II. The State Presented Sufficient Evidence to Support the Jury's Finding That Defendant Was the Person Who Stole the Tip Jar

**{12}** We next consider whether the jury properly found that Defendant was the person who stole the tip jar. Our review of this matter—whether there was sufficient evidence to support this finding—"is an essentially legal endeavor" in which we "address[] whether the government's case was so lacking that it should not have even been submitted to the jury." *Lente*, 2019-NMSC-020, ¶ 54 (internal quotation marks and citation omitted). "[We] consider[] only the legal question whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "Our review is limited to ensure that we do not intrude on the jury's role to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (internal quotation marks and citation omitted).

**{13}** Defendant's contention of insufficient evidence rests solely on his cursory assertions that the items of clothing used to implicate him are "common," that none of the witnesses could identify Defendant as the thief, that the license plate number reported as belonging to the getaway car did not exactly match Defendant's, and that Defendant denied guilt. Such contrary evidence supporting acquittal cannot be relied on for reversal. *See State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.") (internal quotation marks and citation omitted)).

**{14}** We look instead to whether substantial evidence of either a direct or circumstantial nature exists to support Defendant's guilt beyond a reasonable doubt. *See State v. Comitz*, 2019-NMSC-011, ¶ 16, 443 P.3d 1130. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

**{15}** Based on such evidence presented at trial, a rational trier of fact could have found beyond a reasonable doubt that Defendant was the thief. The jury watched and saw stills of the video recording of the theft and the scene shortly before it, in which a man came into the restaurant, entered the bathroom, and then left the restaurant. The State argued that man was Defendant. The jury also saw photographs of the clothing the investigating police found in Defendant's possession: black shoes, a black leather jacket, a white hooded sweatshirt, and a blue-and-white-striped shirt. The shoes and shirt matched those on the thief, who was also wearing a blue Nike hooded sweatshirt and blue jeans. Defendant testified to having owned articles by that description at the time of the theft. Meanwhile, the black leather jacket, white hooded sweatshirt, blue-and-white-striped shirt, blue jeans, and black shoes matched those worn by the man

who entered the restaurant's bathroom and left just before the theft. The restaurant owner testified to his belief—and the video and stills strongly suggest—that this man was the thief, and that he had changed into the blue sweatshirt and removed the black jacket before returning to the restaurant to steal the tip jar. Together, these consistencies show identity among the men in both video segments and Defendant.

**{16}** In addition to the clothing evidence connecting the thief and Defendant, the jury heard and saw evidence matching the two cars seen driving away from the restaurant with cars associated with Defendant and his girlfriend. Witnesses identified the first getaway car as bluish, with part of its license plate reading NF 522, and the second, as a red Mitsubishi Spyder Eclipse. That information led one detective to an apartment, where he spotted a blue Mitsubishi Galant with the license plate NHF 527 and, in it, a blue-and-white striped shirt. The detective waited nearby and eventually saw a red Mitsubishi Spyder Eclipse, driven by Defendant, pull up next to the Galant. Defendant admitted at trial that the Galant was his, and that the Eclipse belonged to his girlfriend's mother. These consistencies between witnesses' descriptions of the fleeing cars and the cars associated with Defendant and his girlfriend, along with the presence in Defendant's car of a shirt matching that worn by the thief, further link Defendant to the crime.

**{17}** Given this substantial, circumstantial evidence, a rational trier of fact could conclude beyond a reasonable doubt that Defendant was the thief. Accordingly, the evidence supports his conviction.

**CONCLUSION**

**{18}** We affirm.

**{19} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**