# United States Court of Appeals
## For the First Circuit

No. 17-2163

UNITED STATES OF AMERICA,

Appellee,

v.

JOED TORRES MONJE,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Ignacio Fernández de Lahongrais for appellant.
David C. Bornstein, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

February 24, 2021

**HOWARD**, **Chief Judge**.  Joed Torres Monje ("Torres") appeals his conviction for possession of child pornography. Torres contends that the evidence proffered by the government was insufficient to convict him.  For reasons discussed in further detail below, we affirm the conviction.

## I. BACKGROUND

The investigation into Torres began when U.S. Department of Homeland Security ("DHS") Special Agent Max Rodríguez received information that, on March 16, 2015, a user at a specific internet protocol ("IP") address had downloaded a file with a unique 36-character "SHA1" value (or "hash value"), a file previously identified by DHS as depicting child pornography.  The file contained a 17-minute pornographic video involving a very young child.

Rodríguez determined that the owner of the IP address was Liberty Cable of Puerto Rico.  Liberty Cable provided government agents with the name and address of the subscriber to the IP address in question:  Torres's father, Rafael Torres-Suarez.  Based on this information, Rodríguez applied for and obtained a federal search warrant permitting him to search the Torres residence and all electronic devices found therein.

The search warrant was executed on May 6, 2015, by Rodríguez and another DHS special agent, Salvador Santiago. During the execution of the warrant, the agents found three images

of child pornography on a desktop computer. Torres's father, when interviewed about the images, stated that he had no knowledge of or involvement with anything regarding child pornography, and that the owner and the only user of the desktop computer was his son, Torres.

That same day, the agents located Torres and asked him if he would agree to be interviewed. He consented and was read his rights, which he waived. In the ensuing interview, Torres admitted that he was the user of the desktop computer; that his internet service was password-protected; that he knew child pornography was illegal; that he used a file-sharing service called eMule to view and download child pornography; that the search terms he had used to find child pornography on eMule were "five, six, and seven years old"; that he had been downloading child pornography for approximately two years; that he deleted the child pornography each time he downloaded it; and that the last time he downloaded child pornography was in early 2015.

A full forensic examination of the computer, which had been seized during the search, revealed one child pornography video and nineteen child pornography images located in the computer's unallocated space. The testimony at trial was that "unallocated space" is where deleted files are stored on a computer; after a file is deleted from a computer, it still resides in the computer in unallocated space but cannot be accessed unless recovered by

special software.  Santiago, who estimated he had conducted over one thousand forensic investigations, testified that these images were not the sort of thing one would download "by accident."

Torres was arrested on May 6, 2015, and a federal grand jury subsequently indicted Torres on one count of possession of child pornography, a Class C felony.  18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2).  The indictment alleged that "[o]n or about March 16, 2015 through May 6, 2015," Torres had knowingly possessed "an image" of child pornography "in his Hewlett Packard desktop computer."  On March 20, 2017, Torres proceeded to a jury trial in the district court.

At the close of the government's evidence, Torres moved the district court for a Rule 29 judgment of acquittal.  In moving for acquittal, Torres conceded that he "saw child pornography in a couple of videos on a couple of occasions," and "immediately deleted those materials," but asserted that he did not "save those videos" on his computer, and that "possession" would require Torres to "do something else . . . than to download" and "view" them.  As to the nineteen images recovered from the computer's unallocated space, Torres asserted that the government had not proven that he knew about or exercised dominion over those images, which he argued were "unavailable" to him because they were found in the computer's unallocated space.

The district court reserved judgment on the motion.

- 4 -

Torres then presented evidence in his defense but did not renew his motion for judgment of acquittal before the district court submitted the case to the jury. The jury convicted Torres on the one count of possession of child pornography.

Torres timely filed a post-trial motion for judgment of acquittal. Repeating the arguments that he made in support of his earlier motion for judgment of acquittal, Torres again asserted that the government did not prove his knowledge of the nineteen images of child pornography in the unallocated space of the computer's hard drive, nor that he had possessed those images by "exercising dominion or control" over them. He also argued that the images could have been "downloaded and deleted" sometime outside of the statute of limitations period for his crime.

The district court denied Torres's motions for judgment of acquittal and sentenced him to a prison term of time served, followed by eight years of supervised release. This appeal followed.

## II. STANDARD OF REVIEW

We review the denial of a preserved sufficiency of the evidence challenge de novo. United States v. Rodríguez-Martinez, 778 F.3d 367, 371 (1st Cir. 2015). The evidence is evaluated in the light most favorable to the verdict, and we must decide whether "that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a

reasonable doubt that the defendant committed the charged crime." United States v. Santos-Rivera, 726 F.3d 17, 23 (1st Cir. 2013) (quoting United States v. Troy, 583 F.3d 20, 24 (1st Cir. 2009)). By contrast, we review unpreserved sufficiency of the evidence challenges "only for clear and gross injustice." United States v. Morel, 885 F.3d 17, 22 (1st Cir. 2018) (quoting United States v. Marston, 694 F.3d 131, 134 (1st Cir. 2012)). We have clarified that "clear and gross injustice" is a "particularly exacting variant of plain error review." United States v. Freitas, 904 F.3d 11, 23 (1st Cir. 2018) (emphasis omitted) (quoting United States v. Foley, 783 F.3d 7, 12 (1st Cir. 2015)). There is some dispute between the parties, discussed below, as to whether the sufficiency of the evidence challenge in this appeal was properly preserved.

### III. DISCUSSION

As mentioned earlier, Torres moved for a Rule 29 judgment of acquittal at the close of the government's evidence, on which the district court reserved judgment, and filed a post-trial motion renewing his request for a judgment of acquittal. He did not renew the motion that he made at the close of the government's evidence before the submission of the case to the jury. The government concedes that Torres's post-trial motion "preserved a challenge to the sufficiency of all the evidence," but argues that Torres forfeited review of his mid-trial motion based only on the

government's case-in-chief because he presented his own evidence and did not renew his mid-trial motion prior to the submission of the case to the jury.

We need not determine what issues are preserved, because even if we apply de novo review to both Torres's mid-trial motion and his post-verdict motion, his sufficiency claim cannot succeed. The government introduced evidence sufficient to establish that Torres was the sole user of the desktop computer; that the desktop computer contained child pornography; that the files were transmitted through the internet; that the computer itself had also traveled through interstate commerce; that Torres used the terms "five, six, and seven-year-old" to search for and affirmatively download child pornography from eMule; that Torres admitted to installing and uninstalling eMule because he knew that possessing child pornography was illegal; that Torres not only habitually downloaded these files, but watched them and deleted the files afterward; that Torres began downloading child pornography in 2013 and had continued to download and delete child pornography through at least March 2015; and that for a file to be in a computer's unallocated space, it must have been on the computer first and then deleted by a user, which means the user must have exercised sufficient control over a file found in that space in order to delete it.

The jury was instructed that to convict Torres, it had

to find beyond a reasonable doubt that Torres knowingly possessed child pornography. The district court specified four requirements, three of which bear on the appeal: (1) that Torres "knowingly possessed the Hewlett Packard desktop computer mentioned in Count 1 of the indictment"; (2) that "the Hewlett Packard desktop computer mentioned in the count of the indictment contained at least one image of child pornography"; and (3) that Torres "knew that the Hewlett Packard desktop computer . . . contained an image of child pornography." The term "knowingly" was defined for the jury as an act done "voluntarily and intentionally, and not because of mistake or accident." The term "possess" was defined for the jury as exercising "authority, dominion or control over something."

Comparing the findings required by the instructions to the government's evidence, we easily conclude that a reasonable jury could have found beyond a reasonable doubt that Torres knowingly possessed child pornography. The jury could have found the first requirement (knowing possession of computer) satisfied because the desktop computer was located in Torres's room, and he admitted to using that computer regularly. The jury could have found the second requirement (presence of child pornography) satisfied because the defense conceded that "19 images [of child pornography] were recovered from the computer." And the third element (Torres's awareness that the computer contained child

pornography) could have been found to be satisfied, because Torres admitted that he affirmatively searched for and deleted child-pornographic images.

Torres nevertheless submits that there is no proof that he knowingly possessed the nineteen specific images of child pornography found on the computer. There are several distinct iterations of his argument. First, he argues that because the files were found in the unallocated space of his computer, he "did not have access to and could not see those images." Second, he emphasizes the fact that the nineteen images "could have resided in the unallocated clusters for five years," which could potentially mean that the five-year statute of limitations had already run out if the possession occurred over five years prior to the indictment. Third, and similarly, Torres highlights that the jury was instructed to decide whether Torres possessed the child pornography "on a date reasonably near March 16, 2015 through May 6, 2015." He argues that even if he did possess child pornography, it was not proven beyond a reasonable doubt to be "reasonably near" those dates.

None of these arguments suggests that no reasonable jury could have convicted Torres. As to the first argument (no access to unallocated space), a jury could reasonably believe that deletion itself suggests "authority, dominion or control" over the file at a certain point in time, and therefore understand an item's

location in unallocated space to be incontrovertible proof that the user of the computer had possession over it. As for the second and third arguments (timing issues), Torres admitted to downloading child pornography "two or three months ago" from the time he was interviewed in May 2015, permitting the jury to find that the statute of limitations had not elapsed at the point when Torres had "authority, dominion or control" over the child pornography, and that in fact, his possession occurred "reasonably near" the date range specified in the jury instructions. Moreover, in his May 2015 interview, Torres admitted that the first time he downloaded child pornography was in 2013, meaning that if the jury agreed that the files in a computer's unallocated space had to be "possessed" at some point in time, they would have to find that Torres possessed the nineteen images within the five-year statute of limitations.

In any case, the government also correctly argues that the specific time of the crime's commission is not an element of the crime. Even if the jury instructions erroneously insinuated that the jury would have to find beyond a reasonable doubt that the crime was committed between March 16, 2015, and May 6, 2015, the Supreme Court addressed this exact issue in Musacchio v. United States, 136 S. Ct. 709, 715 (2016), holding that "when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should

be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction."

Therefore, even under the standard of review most favorable to him, Torres's sufficiency of the evidence challenge cannot succeed.

**Affirmed**.