**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4237**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL Q. COTTRELL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:19-cr-00175-1)

Submitted: December 22, 2020          Decided: March 4, 2021

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Kristin F. Scott, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Q. Cottrell was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Cottrell to 21 months' imprisonment. On appeal, he challenges the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal. We affirm.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019). "We will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

Cottrell asserts that there was insufficient evidence from which a rational factfinder could conclude that he possessed a firearm. To establish a violation of § 922(g)(1), the Government was required to prove, beyond a reasonable doubt, that Cottrell "voluntarily

2

and intentionally had physical possession of [a] firearm." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). "The government may rely on circumstantial evidence and inferences," in addition to direct evidence, so long as it "prove[s] each element of an offense beyond a reasonable doubt." *Rodriguez-Soriano*, 931 F.3d at 286. Even "the uncorroborated testimony of one witness . . . may be sufficient to sustain a conviction." *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). Further, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *Savage*, 885 F.3d at 219 (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the Government adduced sufficient evidence from which a rational jury could conclude that Cottrell unlawfully possessed at least one firearm.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*