**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4222**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

ALFRED PATTERSON,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:15-cr-00470-RDB-1)

───────────

Submitted:  April 30, 2021                          Decided:  July 12, 2021

───────────

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Aaron S.J. Zelinsky, Assistant United States Attorney, Lauren E. Perry, Assistant United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Alfred Patterson of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(a), and carrying, using, possessing, and brandishing a firearm during a crime of violence—Hobbs Act robbery—and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c). The district court sentenced Patterson to a total of 204 months' imprisonment. On appeal, he challenges the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal, in which he argued that there was insufficient evidence to support the verdict, and he contends that the prosecutor's closing arguments violated his due process right to a fair trial. We affirm.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019). "We will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence

2

is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

"A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." *United States v. Williams*, 342 F.3d 350, 353 (4th Cir. 2003). The Supreme Court has held that "if the [g]overnment proves beyond a reasonable doubt that a robber targeted a . . . dealer's drugs or illegal proceeds, the [g]overnment has proved beyond a reasonable doubt that [interstate] commerce over which the United States has jurisdiction was affected." *Taylor v. United States*, 136 S. Ct. 2074, 2080–81 (2016); *see also Williams*, 342 F.3d at 353–55 (same). Patterson contends that the trial evidence was insufficient to show that the victim was a drug dealer under *Taylor*. We disagree. We have reviewed the record and conclude that the Government adduced sufficient evidence from which a rational jury could conclude that Patterson robbed a drug dealer, satisfying the interstate commerce element of the Hobbs Act.

"To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a 'crime of violence.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015). Patterson concedes that Hobbs Act robbery is a crime of violence but contends he did not commit that predicate offense because the evidence underlying his Hobbs Act robbery conviction was legally insufficient. Because we conclude that sufficient evidence supported Patterson's Hobbs Act robbery conviction, his challenge to his § 924(c) conviction is accordingly without merit.

3

Finally, Patterson argues that the prosecutor's closing arguments violated his due process right to a fair trial because the prosecutor improperly vouched for and bolstered the credibility of the Government's witnesses. "In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we consider (1) whether the remarks were, in fact, improper, and, (2) if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir. 2018) (internal quotation marks omitted). To determine if an improper remark was prejudicial, we consider:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*Id.* at 157.

Because Patterson did not object at trial to the challenged remarks, we review only for plain error. *United States v. Lopez*, 860 F.3d 201, 215 (4th Cir. 2017). To establish plain error, Patterson "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). Even if Patterson demonstrates plain error, we will only correct such an error if it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

4

"[I]t is error for the government to bolster or vouch for its own witnesses." *United States v. Lighty*, 616 F.3d 321, 359 (4th Cir. 2010). "Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *United States v. Sullivan*, 455 F.3d 248, 259 (4th Cir. 2006) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Patterson fails to establish plain error on this claim. There is no indication in the record that the Government suggested it had evidence not known to the jury that corroborated any witness' testimony, and, accordingly, the Government did not improperly bolster the credibility of its witnesses. Turning to the comments Patterson characterizes as vouching, we find that most of the challenged statements were proper arguments or permitted rebuttal to Patterson's attacks on the credibility of the prosecution's witnesses. Further, to the extent that any of the isolated remarks Patterson challenges were improper, he has failed to show that these comments so prejudiced his substantial rights as to deny him a fair trial. *See Saint Louis*, 889 F.3d at 157 (listing factors considered in prejudice inquiry).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5