**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4234**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLYDE OTIS ALSTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00251-WO-1)

Submitted: September 29, 2021          Decided: November 4, 2021

Before FLOYD and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Gregory Davis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Clyde Otis Alston, Jr., of possession with intent to distribute a quantity of a mixture or substance containing traceable amounts of heroin, fentanyl, and 4-Anilino-N-phenethylpiperidine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 3). The district court denied Alston's request for a downward variance and imposed a total sentence of 138 months. On appeal, Alston contends that there was insufficient evidence to support his convictions and that his sentence is unreasonable. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). "We will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant "legal question [is] whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). We must also "draw[] all reasonable inferences from the facts" "in the light most favorable to the prosecution." *United States v. Denton*, 944

2

F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2585 (2020).

Alston's arguments regarding Counts 1 and 3 are nearly identical. Alston contends that there is no evidence that the firearms or drugs in the vehicle he drove were his, and that there was no evidence that he had exclusive possession of the vehicle. To sustain a conviction for Count 1, "the [G]overnment must establish that [Alston] (1) possessed the [drugs] (2) knowingly and (3) with intent to distribute." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021). "Possession may be actual or constructive, and it may be sole or joint." *Id.* (alteration and internal quotation marks omitted); *see United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012) (same for § 922(g)(1) offense). To sustain a conviction for Count 3, the Government needed to prove, as relevant here, that the defendant knowingly possessed, in or affecting interstate commerce, a firearm. 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

From the record, a rational trier of fact could conclude that Alston knowingly possessed both the drugs and the firearm. To the extent that Alston asserts that it is unclear whether the drugs were for personal use or distribution, a rational trier of fact certainly could conclude, based on the evidence presented at trial, that a bag containing over 20 grams of the drug mixture at issue was meant for distribution. Alston's sufficiency of the evidence argument for Count 2 relies upon us concluding in his favor on Counts 1 and 3. Because we reject the challenges to Counts 1 and 3, we likewise conclude that the evidence was sufficient to sustain a conviction for Count 2.

Next, Alston contends that his sentence is substantively unreasonable. We review a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, this court examines whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.*; *United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If there is "no significant procedural error," then this court evaluates the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range. That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (citation and internal quotation marks omitted).

Alston asserts that his sentence is substantively unreasonable because he had a difficult upbringing, has a supportive family, and has never previously served more than

two years in prison.[*]  Alston does not contend that the district court ignored these mitigating factors; instead, he argues that the court failed to give them enough weight when balancing the § 3553(a) factors.  We have reviewed the record and conclude that the district court did not abuse its discretion in balancing the § 3553(a) factors or in arriving at the chosen sentence.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] As we must, we have reviewed the procedural reasonableness of Alston's sentence before considering the sentence's substantive reasonableness and conclude that the district court committed no significant procedural error.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).