NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANJAY PATEL; SANJAY, a California General Partnership, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SOUTH EL MONTE, a municipal corporation; DOES, 1 through 10, inclusive, <br><br> Defendants-Appellees. | No. 21-55546 <br><br> D.C. No. 2:18-cv-04077-GW-SK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 8, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Appellants Sanjay Patel and Sanjay, General Partnership (collectively, Patel)

operate a motel in South El Monte, California (City). The City cited Patel multiple

times for violating an ordinance and municipal code section that prohibit outdoor

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

storage of trucks in his motel parking lot. He unsuccessfully appealed these violations to the City, but he never sought a variance or hardship exemption. Instead, he sued under 42 U.S.C. § 1983 claiming several constitutional violations, including a takings claim. Following our prior reversal of the district court's dismissal of the takings claim as unripe based on the now-abrogated exhaustion requirement established in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the district court again dismissed Patel's taking claim as unripe based on *Williamson*'s remaining finality requirement.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Patel argues that the district court violated our prior mandate by allowing the City to argue the finality requirement on remand because we concluded that the City had waived this argument in the first appeal by not raising it to the district court. *See Patel v. City of South El Monte*, 827 F. App'x 669, 672 (9th Cir. 2020). "A district court is limited by our remand when the scope of the remand is clear." *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012). "At the same time, the rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Id.* "Whether [a judge] has obeyed the remand order of an appellate court

---

[1]*Williamson*'s requirement that a plaintiff seek just compensation through available state procedures before bringing a federal action was overruled in *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2179 (2019). *Knick* left *Williamson*'s finality requirement in place. *Id.* at 2169.

2

is a question of law that we review de novo." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016). But we review for abuse of discretion the district court's ruling on whether a prudential ripeness issue is waived. *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 900 (9th Cir. 2000).

The district court was correct that our prior mandate did not clearly foreclose the City from arguing on remand that Patel's claim fails because he has not satisfied *Williamson*'s finality requirement. Thus, we find no abuse of discretion by the district court in allowing the City to raise this argument, particularly where the exhaustion argument that the City asserted before was abrogated by the Supreme Court during Patel's first appeal and the case is still at the pleading stage.[2]

**2.** Patel argues that the district court erred in holding that his takings claim is not ripe for lack of finality. "Ripeness is a question of law . . . reviewed de novo." *Hoehne v. Cnty. of San Benito*, 870 F.2d 529, 531 (9th Cir. 1989). An as-applied regulatory takings claim is not ripe until a plaintiff receives a "final decision

---

[2]Patel also argues that the district court violated the law-of-the-case doctrine. "The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). When we remand a case to the district court, the law-of-the-case doctrine precludes the district court from reconsidering issues we resolved on appeal. *See Hall*, 697 F.3d at 1066–67. The first panel, however, expressly declined to decide whether Patel satisfied *Williamson*'s finality requirement and did "not consider this argument." *Patel*, 827 F. App'x at 672. The district court did not abuse its discretion on this ground. *Stacy*, 825 F.3d at 567.

regarding the application of the [challenged] regulations to the property at issue." *Williamson*, 473 U.S. at 186. A decision is final when "there [is] no question . . . about how the regulation[] at issue appl[ies] to the particular land in question." *Pakdel v. City & Cnty. of San Francisco*, 141 S. Ct. 2226, 2230 (2021) (internal quotation and citation omitted). Although a plaintiff need not always exhaust every administrative procedure, failure to do so "may render a claim unripe *if* avenues still remain for the government to clarify or change its decision." *Id.* at 2231. However, a "landowner can avoid the final decision requirement if attempts to comply with the requirement would be futile." *Traweek v. City & Cnty. of San Francisco*, 920 F.2d 589, 594 (9th Cir. 1990).

Patel did not satisfy the finality requirement, nor was he excused by the futility exception. Under either argument, courts generally require that a plaintiff seek a variance or exemption. *See id.*; *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 737 (1997). Patel concedes that he has never done so. Instead, he contends that he is excused from taking these steps because an informal conversation with a city employee made it clear that Patel could not receive an exemption. But the employee that Patel spoke to was not the correct person to receive or decide an exemption application. Patel alleges no other meaningful evidence that the City reached a final decision that it could not clarify or change. *Pakdel*, 141 S. Ct. at 2229–31. Thus, we conclude the district court did not err in rejecting Patel's as-applied challenge for

lack of finality.[3]

**AFFIRMED.**

---

[3]The finality requirement does not apply to facial regulatory takings claims. *See Sinclair Oil Corp. v. Cnty. of Santa Barbara*, 96 F.3d 401, 406 (9th Cir. 1996). To the extent Patel raises a facial claim, it fails on the merits. None of his allegations can plausibly support a claim under these circumstances. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538–39 (9th Cir. 2005).