**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4585

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMAR LESHAWN BARTEE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00495-D-1)

Submitted:  July 26, 2022                         Decided:  August 11, 2022

Before QUATTLEBAUM and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Daniel W. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Romar Leshawn Bartee, Jr., was convicted after a jury trial of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced Bartee to 78 months' imprisonment. On appeal, Bartee challenges his conviction on two grounds. First, Bartee contends that insufficient evidence supports his conviction and that therefore the district court erred in denying his Fed. R. Crim. P. 29 motion. Second, Bartee argues that the district court erred in admitting several pieces of evidence. For the following reasons, we affirm.

A district court, "on the defendant's motion[,] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022). We generally "review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021). We draw all reasonable inferences from the facts when viewed in the light most favorable to the prosecution, *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019), and "will uphold the verdict if . . . it is supported by substantial evidence," *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant "legal question [is] whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal

2

quotation marks omitted).  Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

To sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the government must prove (1) that the defendant knew he had been convicted of an offense punishable by a term exceeding one year of imprisonment, (2) that he knowingly possessed a firearm, and (3) that the firearm had traveled in interstate commerce. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); see United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006).

Bartee contends that the evidence fails to establish that he knowingly possessed a firearm.  We disagree.  Law enforcement officers testified that they saw Bartee at the scene carrying a bag, that bag was discovered in a trash can where Bartee was apprehended, and the firearm was in the bag.  Moreover, in recorded phone calls from prison, Bartee admitted that the gun was his.  Based on this evidence, a rational trier of fact could have found that Bartee knowingly possessed the firearm.

Next, we review the district court's evidentiary rulings for abuse of discretion. *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).  We will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, if we can "say with fair assurance, after

3

pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (internal quotation marks omitted).

First, Bartee contends that the district court erred in admitting still images of surveillance footage recorded by an officer's cell phone, arguing that the images did not meet any of the exceptions under Fed. R. Evid. 1004. Notwithstanding Bartee's Rule 1004 argument, we find that the still images were admissible under Fed. R. Evid. 1003. Rule 1003 provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." A duplicate is "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e). Bartee did not and does not challenge the original's authenticity or the accuracy of the reproductions. Therefore, we find that the images were admissible under Rule 1003.

Next, Bartee contends that the district court erred in admitting his booking photographs because they were not relevant and were more prejudicial than probative. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003). "Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *Id.* (internal quotation marks omitted).

However, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) ("Rule 403 states that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence." (cleaned up)). "[U]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (cleaned up). Thus, under Rule 403, relevant evidence is inadmissible "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (internal quotation marks omitted). "We will not overturn a Rule 403 decision except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349-50 (4th Cir. 2014) (cleaned up).

Booking photographs are generally admissible if they are based on the defendant's arrest for the instant offense, and the photo does not have any markings indicating that the defendant was incarcerated. *United States v. Johnson*, 495 F.2d 378, 384 (4th Cir. 1979). Here, the photos were based on Bartee's arrest for the instant offense and did not have any markings indicating that Bartee was incarcerated. If the photographs were more prejudicial than probative, any error was harmless; ample evidence supported Bartee's conviction even without the booking photographs.

Accordingly, we affirm Bartee's criminal conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*