**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4512**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

UILFRIDO LOPEZ,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:16-cr-00136-MOC-WCM-1)

———————————

Submitted:  January 2, 2024                        Decided:  January 9, 2024

———————————

Before GREGORY and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Howard W. Anderson, III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant. Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Uilfrido Lopez appeals his conviction, following a bench trial, for operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a), and two counts of money laundering, in violation of 18 U.S.C. § 1956.  On appeal, Lopez argues that the district court erred in denying his motion to suppress incriminating statements he made to law enforcement officers who did not provide *Miranda*[*] warnings and that insufficient evidence supports his conviction for operating an unlicensed money transmitting business.  We affirm.

First, we need not determine whether the district court erred in denying the motion to suppress as untimely because we conclude that the district court's reasoning in denying the motion on the merits is persuasive.  *Cf. United States v. Swann*, 149 F.3d 271, 277 (4th Cir. 1998) (holding that this court "may affirm the district court's judgment for any reason supported by the record, even if it is not the basis that the district court used").  "In assessing a district court's decision on a motion to suppress, we review the court's factual findings for clear error and its legal determinations de novo."  *United States v. Linville*, 60 F.4th 890, 896 (4th Cir. 2023).  In doing so, we "construe the evidence in the light most favorable to the prevailing party, and give due weight to inferences drawn from those facts by resident judges and law enforcement officers."  *Id.* (internal quotation marks omitted).

"The Fifth Amendment provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'"  *United States v. Azua-Rinconada*, 914 F.3d

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

319, 325 (4th Cir. 2019) (quoting U.S. Const. amend. V). "And the Supreme Court has mandated the use of procedural measures to ensure that defendants, when subjected to custodial interrogations, are advised of their Fifth Amendment rights." *Id.* (citing *Miranda*, 384 U.S. at 444-45). "[U]nless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *Id.* "Coercive police activity is a necessary finding for a confession or a *Miranda* waiver to be considered involuntary." *United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017).

"An individual is in custody for *Miranda* purposes when, under the totality of the circumstances, a suspect's freedom of action is curtailed to a degree associated with formal arrest." *United States v. Leggette*, 57 F.4th 406, 410 (4th Cir. 2023) (internal quotation marks omitted). Courts ask two questions when making this determination. *Id.* First, we determine "whether a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave." *Id.* (internal quotation marks omitted). Second, if a reasonable person would not have felt at liberty to leave, we ask "whether the relevant environment presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*." *Id.* (internal quotation marks omitted).

Although a reasonable person in Lopez's position might not have felt at liberty to terminate the encounter with law enforcement officers, Lopez has not established that the interaction presented the same coercive pressures as a stationhouse interrogation. The entire encounter, which began as a knock and talk, lasted no more than an hour, including the ensuing consensual search of Lopez's residence; further, none of the officers drew a

3

weapon, physically restrained Lopez, threatened him with arrest, or frisked him. Their questions were polite and conversational, and no officer ever touched Lopez. *See id.* at 411-12. Moreover, Lopez consented to the knock and talk, invited the officers inside his residence, answered their questions willingly, and consented to the search of both the packages addressed to him and of the apartment. Therefore, we conclude that the district court did not err in finding there was no custodial interrogation, and thus *Miranda* warnings were not required. *See id.* at 413-14. Accordingly, the district court did not err in denying the motion to suppress.

Turning to Lopez's sufficiency challenge, "[a] defendant who challenges the sufficiency of the evidence faces a heavy burden." *United States v. Small*, 944 F.3d 490, 499 (4th Cir. 2019) (internal quotation marks omitted). "Although we review challenges to the sufficiency of evidence de novo, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). "[A]ppellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is

4

clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

It is a crime to knowingly conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. 18 U.S.C. § 1960(a). An unlicensed money transmitting business is "a money transmitting business which affects interstate or foreign commerce in any manner or degree" and either "is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law," "fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section," or "otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity." 18 U.S.C. § 1960(b)(1).

Lopez argues that his conviction is unsupported by any evidence beyond his uncorroborated confession, thus rendering the evidence insufficient as a matter of law. Although a criminal conviction "cannot rest entirely on an uncorroborated extrajudicial confession," *United States v. Riley*, 920 F.3d 200, 208 (4th Cir. 2019) (internal quotation marks omitted), "extrinsic proof is sufficient which merely fortifies the truth of the confession, without independently establishing the crime charged," *United States v. Stephens*, 482 F.3d 669, 672 (4th Cir. 2007) (cleaned up). Thus, "it is sufficient if the corroboration supports—not establishes—the essential facts admitted, and that corroboration need only *tend* to establish—not establish—the trustworthiness of the confession." *United States v. Abu Ali*, 528 F.3d 210, 237 (4th Cir. 2008) (cleaned up).

5

Here, Lopez's confession was not the only evidence linking him to criminal conduct. *See id.* Between his two encounters with law enforcement, Lopez was connected to money that was both shipped to him and transported in his checked baggage between North Carolina and California, and which appeared packaged to avoid drug detection. Moreover, a drug canine alerted to both the shipped money and the money in Lopez's baggage, indicating the presence of the odor of narcotics. The money in the checked baggage also tested positive for the presence of methamphetamine and cocaine. The two shipped parcels were from an individual known to investigators as a significant methamphetamine distributor in the Western District of North Carolina; further, an informant explained that Lopez was the "money man" who transported the drug proceeds from North Carolina to California. Officers also discovered a safe, bundles of cash, a scale, and two rolls of plastic wrap in Lopez's apartment. We therefore conclude that ample evidence supports Lopez's conviction.

Finally, we reject Lopez's arguments that the Government failed to prove the existence of a "money transmitting business," *see United States v. Singh*, 995 F.3d 1069, 1077-78 (9th Cir. 2021), or that the business was unlicensed, *see* 18 U.S.C. § 1960(b)(1)(C) (clarifying that an unlicensed money transmitting business is one that "involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity").

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*